# Montgomery Iron Works *v.* Dorman.

*Statutory Action to enforce Contractor's Lien.*

1. *Description of property sought to be charged, in claim filed and in complaint.*—Under the statutory provisions declaring and regulating the lien of contractors and material-men, and requiring the claimant to file with the probate judge, " a just and true account of his demand," and " a true description of the property upon which the lien is intended to apply, or so near as to identify the same " (Code, §§ 3440-44), the same certainty of description is requisite in the claim as in the levy of an execution, so that the court may be informed what particular land to order sold, and the purchaser may be able to locate it; and the complaint, in an action to enforce the lien, must be equally specific and definite.

2. *Same.*—Where the lien is sought to be charged on land on which a saw-mill and a tram-road four miles long are situated, for materials furnished on the road and cars, and no attempt is made to describe the " one acre " to which the lien is limited, the claim is fatally defective; and the complaint, following it, is demurrable.

3. *Judgment on demurrer sustained to part of complaint.*—When a demurrer is properly sustained to a defective special count, or part only of the complaint, and the plaintiff declines to proceed further, although his complaint also contains the common counts, the court may render judgment final for the defendant.

[Montgomery Iron Works v. Dorman.]

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. JAS. E. COBB.

This action was brought by the appellant, a private corporation, against A. J. Dorman, and was commenced on the 19th March, 1884. The complaint was in these words: "The plaintiff, a corporation," &c., "claims of the defendant $200, due from him by account on the 1st day of July, 1883, on an account stated between the plaintiff and the defendant on the 1st July, 1883; and the like sum for goods, wares and merchandise, and chattels, sold by plaintiff to defendant on the 1st day of July, 1883; and the like sum for work and labor done by plaintiff for defendant, at the request of said defendant, on the 1st day of July, 1883; which several sums of money, with the interest thereon, are now due. And plaintiff avers that said several sums of money are due plaintiff under and by virtue of a contract between plaintiff and defendant, for work and labor done and performed upon, and materials furnished for improvements upon the following described real estate, to-wit: one saw-mill located in said county of Elmore, about four miles from Deatsville in said county, on the east side of the South & North Alabama railroad, owned and operated by the defendant; and the tram-road connecting said mill with Deatsville, and the land upon which said mill and road lies. The account for said work and labor done and materials furnished is as follows:" specifying "repairs on tram-car," "250 feet of strap-rail for tram-road," "one set of wheels, axles, &c., for tram-car," all furnished during the month of June, 1883, and aggregating $130. "And plaintiff avers that said mill and tram-road and cars are owned and operated by defendant, and were at the time of said contract, and when said labor was done and materials furnished; and that plaintiff was the original contractor therefor, and within six months after said 'indebtedness accrued, to-wit, on the 20th December, 1883, filed with the judge of probate of said county of Elmore a just and true account of the said demand due plaintiff, after all just credits had been given, and a description of said property so near as to identify the same, with the name of the owner thereof, verified by affidavit of its president and manager. And plaintiff claims a lien upon said property, tram-cars, tram-road and improvements, under sections 3440 et seq. of the Code of Alabama, for the satisfaction of said claim."

The defendant demurred to "so much of said complaint as seeks to enforce a lien upon real and personal property," and assigned the following as grounds of demurrer: 1st, "that said complaint does not show any claim upon which a lien is given by said sections 3440 et seq. of the Code;" 2d, "that

said sections do not embrace or give any lien for the articles mentioned in said complaint;" 3d, " that the complaint does not sufficiently describe the tram-way therein mentioned, as to enable the court to enforce any lien thereon, upon any judgment that might be rendered in said case." The court sustained the demurrer, and, as the judgment-entry recites, " the plaintiff declining and refusing to amend his complaint, or to proceed further in this case, because of this ruling on said demurrer," rendered final judgment for the defendant.

The ruling and judgment on the demurrer is now assigned as error.

SHAVER & HUTCHESON, and WATTS & SON, for appellant.

H. C. BULLOCK, *contra.*

CLOPTON, J.—The statute gives to " every mechanic, or other person, who shall do or perform any work or labor upon, or furnish any materials, fixtures, engine, boiler, or machinery, for any building, erection, or improvement upon land, or repairing the same, under or by virtue of any contract with the owner or proprietor thereof," upon complying with the provisions of the statute, a lien on such building, erection or improvement, and upon the land belonging to such owner or proprietor, on which the same are situated, to the extent of *one acre*, if such building, erection, or improvement is not on any lot in any town, city or village.—Code, § 3440. To acquire the lien, the contractor is required, by section 3444, to file with the judge of probate, within six months after the indebtedness has commenced, " a just and true account of the demand due him, after all just credits have been given, which is to be a lien upon such building, or other improvements, . . and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply," which must be verified.

The purpose of the statute, in requiring the claim to be filed with the judge of probate, is to give notice to purchasers and creditors. For this purpose, the description of the property, on which the lien is claimed, is material. It should be sufficiently certain to designate the property to be charged. It is sufficient, if the description points out the premises, so that, by applying it, the land can be identified. The language of the statute is, " *a true description of the property, or so near as to identify the same.*" Convenient and reasonable certainty is requisite. When the lien on the land is to *the extent of one acre*, and the tract of land contains more acres than one, the particular acre on which the lien is charged must be pointed

out, and designated by a description sufficiently certain to identify and separate it from the balance of the tract. The same certainty of description is requisite as in case of a levy under execution, so that the court may be informed what land to order sold, and the purchaser be able to locate it. Without such description no lien is acquired.—*Munger v. Green*, 20 Ind. 38 ; *Williams v. Porter*, 51 Mo. 441 ; *Tuttle v. Howe*, 41 Minn. 145. The same certainty of description in the complaint is requisite for the enforcement of the lien.—Phillips on Mec. Liens, § 378.

The claim, as filed with the judge of probate, is not sufficiently averred in the complaint. It should have been substantially set out, so that the court can determine whether the provisions of the statute have been complied with. Conclusions are not sufficient. But, assuming that the description in the claim corresponds with that in the complaint, it is fatally defective. The lien is sought to be charged on the land on which a saw-mill and tram-road four miles in length are situate, and no attempt is made to point out and designate the *one acre*, to which the lien extends. No materials were furnished for, or labor done on the saw-mill ; and the materials furnished for the tram-road and the cars, on which the repairs were made, are not described so as to identify them. The description is no notice to a purchaser or creditor of the property to be charged, and does not inform the court what property to order sold.

Without deciding, at present, whether, when the action is not on a penal bond or other writing (Code, § 2981), a demurrer can be interposed to a part of a complaint, or whether such demurrer will be considered as equivalent to a motion to strike out, the plaintiff has no cause to complain that final judgment was rendered. After striking out that part of the complaint which claimed a lien, the common counts were left, sufficient to authorize a personal judgment against the defendant. The plaintiff did not insist on proceeding with the case ; neither did the court refuse to permit it. As shown by the record, the plaintiff declined and refused to proceed further, because of the ruling of the court on the demurrer. There was nothing for the court to do but to render judgment.

Affirmed.