[Bedsole v. Peters.]

# Bedsole *v.* Peters.

*Action on Common Counts, and to enforce Mechanic's Statutory Lien.*

1. *Joinder of common counts with special count to enforce lien.*—The common counts may be united with a special count seeking to enforce the statutory lien of a mechanic or material-man (Code, §§ 3440–61); and the plaintiff may have a personal judgment, though he fails to establish his lien.

2. *Description of premises sought to be charged, in claim filed, and in complaint.*—When the plaintiff seeks to enforce a lien, not only on the structure and improvements erected or made, but also on "one acre" of the land on which they are situated, the verified statement of his claim, as filed of record, and the complaint, must each describe the "one acre" with reasonable and convenient certainty, so that it may be identified and separated from the residue of the tract (Code, § 3444); but, though this description be indefinite and insufficient, whereby the lien fails as to the land, it may nevertheless be established and enforced against the structure and improvements.

3. *Sufficiency of verdict.*—The complaint containing the common counts and a special count, in which the structure and improvements sought to be charged are described with sufficient certainty; and issue being joined on the pleas of payment and set-off, with the general issue; a verdict finding "the issues in favor of the plaintiff, $100," though informal, is sufficient to support a judgment declaring a lien in his favor, for that sum, on the structure and improvements.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. WM. E. CLARKE.

This action was brought by L. G. Peters against D. J. Bedsole, and was commenced on the 16th September, 1885. The complaint contained the common counts, and a special count which claimed $203.60, "balance due on account for work and labor performed, for this: that heretofore, to-wit, on the 13th day of April, 1885, defendant employed plaintiff as a mechanic to perform the following work and labor; to construct and lay a frame foundation for a steam saw-mill, 80 feet long by 30 feet wide, at defendant's premises on lands owned by him on, to-wit, the S. ½ of the S. E. ¼ of sec. 24, T. 10, R. 1 east, in said State and county; to erect and put in running order therein, on said land, one steam-engine, one boiler, one circular saw, one saw-frame, [and] one truck-carriage, together with their respective fixtures, etc., all of which are hereinafter more particularly described; and then and there agreed to pay plaintiff for said labor as a machinist the sum of $225 on the completion of said work. Plaintiff alleges that said work

was completed, in a skillful and workmanlike manner, on, to-wit, August 29th, 1885 ; and that said defendant, though often requested, has failed and refused, and still fails and refuses to pay the balance due, or any part thereof, for the performance of said work and labor; which said several sums of money, with the interest thereon, are due and unpaid. Plaintiff alleges that he has filed with the probate judge of said county, within six months after the completion of said work and labor, to-wit, on September 15, 1885, a true and just account, verified as required by statute, of the demand due him for said work and labor, after all just credits have been given, together with a true description of the property upon which he hereby seeks to enforce his lien, and thereby declared his intention to claim his mechanic's lien for said work and labor, upon the following specifically described property of the defendant's, to-wit: One steam-engine, No. 32, with $9\frac{1}{2}$ inch cylinder, 12-inch stroke, capacity 15-horse power, together with all fixtures thereto belonging, the same being branded *Oil City Pennsylvania Boiler Works*; one steam-boiler, weighing 5,000 lbs., capacity 20-horse power, with all fixtures thereto belonging, branded as above; one 48-inch diameter circular saw, and frame for the same, together with their respective fixtures, said saw bearing the brand *Harrisburg M. F. G. Co.*; one truck-carriage 22 feet in length, with all fixtures thereto belonging ; one frame foundation for saw-mill, 80 feet long by 30 feet in width ; and one acre of land in the S. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 24, township 10, range 1 east, in said county of Clarke, and upon which said engine, boiler, circular saw, sawframe, and truck-carriage, with their respective fixtures, and said foundation for said saw-mill, are situated."

The defendant demurred to the special count, " because it does not specify with legal certainty the particular one acre of ground as that on which said improvements are alleged to have been made," and because it " fails to show that plaintiff has filed any legal and sufficient claim to a lien upon any certain and designated acre of ground." The court overruled the demurrer, and the defendant then pleaded the general issue, payment, set-off, and a special plea claiming a recoupment of damages on account of the alleged negligent and unskillful manner in which the work was done. Issue was joined on all of these pleas. The jury returned a verdict, in these words : "We, the jury, find the issues in favor of the plaintiff, $100 ;" and the court thereupon rendered judgment for the plaintiff for $100, and declared a lien on the saw-mill and fixtures, as described in the complaint, and on the one acre of land on which they were situated ; ordering a levy and sale of the same, if other property of the defendant could not be found.

[Bedsole v. Peters.]

The overruling of the demurrer to the complaint, and the judgment entered on the verdict, are now assigned as error.

. H. PILLANS, and W. D. DUNN, Jr., for appellant.—(1.) The complaint is fatally defective, in failing to describe with sufficient certainty the particular one acre of land on which the improvements are situated.—*Montgomery Iron Works v. Dorman*, 78 Ala. 218; *Lemly v. Iron & Steel Co.*, 65 Mo. 545; *Chandler v. Hanna*, 73 Ala. 390; *Turney v. Sanders*, 4 Gilm. 527. Nor is the description of the personal property sufficient, since its *situs* is no where described. (2.) The verdict is vague and indefinite, and did not authorize the judgment entered on it.—*Moody v. Keenan*, 7 Porter, 236; *Alexander v. Wheeler*, 69 Ala. 332; *Patterson v. United States*, 2 Wheat. 221; *Traun v. Wittick*, 27 Ala. 570; *Blocker v. Bumpass*, 2 Ala. 364.

F. G. BROMBERG, and J. F. LOCKLAND, *contra*, cited *Young v. Stoutz*, 74 Ala. 574; Phill. Mech. Liens, §§ 378-9; *N. G. Iron Works v. Strong*, decided by the Supreme Court of Minnesota, and reported in 21 N. W. Rep. 740; *Smith v. Headly*, 23 N. W. Rep. 550; 28 N. J. Law, 39; 23 Cal. 208; 11 Wisc. 214; 30 Wisc. 526.

SOMERVILLE, J.—We entertain no doubt of the propriety of joining in the same complaint with the common counts those upon contract for the enforcement of a mechanic's lien under the statute. The chapter in our Code relating to this subject provides, that the pleadings, practice, process, and other proceedings designed to enforce liens of this character, shall be the same as in ordinary civil actions, except as otherwise provided.—Code, 1876, § 3446. The statute, moreover, expressly provides for the rendition of a personal judgment against defendant debtors, and against garnishees who are required in certain cases to answer under oath.—Code, §§ 3552, 3449. When a complaint states the facts which show both a money demand due in debt or *assumpsit*, and a lien, and the proof shows the correctness of the amount claimed, but fails to sustain the lien under the statute, no reason is perceived why a personal judgment may not be rendered, even though the lien is not established by the judgment.—*Montgomery Iron Works v. Dorman*, 78 Ala. 218; *Williams v. Porter*, 51 Mo. 441; *Patrick v. Abeles*, 27 Mo. 184; Phillips on Mechanic's Liens, § 448.

The lien sought to be enforced in this case is one for work and labor performed by the plaintiff in the erection of a steam .saw-mill, and certain fixtures and improvements connected

with it, and belonging to the defendant. The lien is claimed to attach to the frame foundation of the structure, a steam-engine, a steam-boiler, and certain other fixtures and appurtenances, which are particularly described, and are stated to be situated upon a certain eighty-acre tract of land, and also to " one acre of land " in this tract, upon which these improvements are located. No other description of this particular acre of land is given, either in the complaint, or in the verified statement of the claim which was alleged to have been filed in the office of the probate judge, as required by the statute. Code, 1876, § 3444.

The complaint was sufficient, in our opinion, to secure a lien upon the erection and improvements described, but not upon the acre of land upon which they were situated. The statute confers a lien in favor of mechanics, employees, and material-men, both upon the building, erection, or improvements, and upon the land belonging to the owner or proprietor on which they are situated, " to the extent of one acre."—Code, § 3440. It is required that any person, seeking to enforce a lien of this kind, should file a verified statement in the office of the probate judge, setting forth not only a just and true account of his money demand, after all just credits have been given, but also " a true description of the property, or so near as to identify the same, upon which the lien is intended to apply."—Code, §§ 3444, 3445. The complaint must contain a like description of the property.—Code, § 3446. In the case of *Montgomery Iron Works v. Dorman*, 78 Ala. 218, we construed these sections of the Code to require that the particular acre of land, on which the lien is claimed, must be described with reasonable and convenient certainty—that it should, in other words, be " pointed out and designated by a description sufficiently certain to identify and separate it from the balance of the tract," with which it may be connected. The Missouri statute uses language identical with our own, and the Supreme Court of that State has placed on it a like construction.— *Williams v. Porter*, 51 Mo. 441. We can well see many inconveniences which must result from the practical application of this construction, where there several adverse claims, in each of which there may be an attempted description of the same acre with an overlapping conflict of areas. But the requirement is statutory, and we have no power to change it.

It is obvious that the description in the present case, under this rule, is void for uncertainty, and as to the land the lien must fail.

But it can be sustained, nevertheless, upon the building, erection, or improvements, they being described with reasonable certainty, as they clearly are in the present case. The

[Bedsole v. Peters.]

declaration is clearly made in the statute, that the lien shall be good upon these structures, "and" upon the land on which they are situated, to the extent of one acre.—Code, §§ 3440, 3444. It is a several, and not a joint lien; and both the letter and spirit of the law contemplate that the improvements erected may, in proper cases, be subjected to sale and removal from the premises by the purchaser. While special provision is made in section 3443 for the sale of improvements located on leased lands, and in section 3442 for the enforcement of the same right in preference to any prior lien, incumbrance or mortgage, which may have been placed on the land before the erection of the improvements, the plain and natural meaning of the law is, that the right to subject the improvements to sale shall not be lost, because by accident or negligence the plaintiff has lost his lien on the land by failure to describe it. The policy of the law is to prevent the land-owner from unjustly appropriating to his own use the labor and material of the mechanic, employee, or material-man, by reason of the merger of these values into the freehold estate. The defendant can not complain that the plaintiff enforces his lien only on what the plaintiff has placed on his premises, and not also on the premises in addition to the improvement.—*Turner v. Robbins*, 78 Ala. 592. In *Kansas City Hotel Co. v. Sauer*, 65 Mo. 279, the same view was taken of the Missouri law, of which our own is a substantial copy.

The verdict of the jury, though informal, was sufficiently certain to support the judgment, so far as concerns the amount claimed. We construe it to mean, that the jury, after consideration of all the issues raised by the pleadings, find that the defendant owes the plaintiff the sum of one hundred dollars. This amount being ascertained by a jury, the court could well declare the lien to exist as matter of law, under the facts in evidence.—Code, § 3449; *Ex parte Schmidt*, 62 Ala. 252.

This lien, however, as we have said, must be confined to the improvements, erections and fixtures, which are described in the complaint, other than the land. The judgment will accordingly be reversed, and a judgment rendered in this court in favor of the appellee, the same as that rendered in the court below, except that no lien will be declared to exist upon the land. The costs of the appeal will be taxed against the appellee.