# Porter & Blair Hardware Co. v. Lee *et al.*

*Bill in Equity to enjoin a Sale under Execution.*

1. *Statutory lien of mechanics and material-men; unused material.*— The statutory lien given to mechanics or contractors and material-

[Porter & Blair Hardware Co. v. Lee *et al.*]

men for work done and material furnished in the erection of a house or other improvements on land (Acts 1890-91,p. 578), does not extend to the unused materials left on the premises after the abandonment of the work by the contractors, because of the owner's breach of the contract.

2. *Same; same; want of equity in bill.*—When contractors who contracted to furnish material and erect a building, abandon the work and leave the house in an unfinished condition, because of the owner's breach of the contract, but prior to this abandonment they had procured material especially adapted to be used in the building, which had not been used but was in the hands of the contractors at the time they quit work, such contractors can not establish and enforce a contractor's or material-man's lien upon such unused material for the sum due them by the owner; and a bill filed by said contractors or their assignee to restrain their judgment creditors from selling such unused material under execution levied thereon, and to enforce a judgment attempting to give said contractors a lien upon such material in an action in which, though they asserted a lien thereon, they did not claim judgment for the price or value of the material, but only for damages suffered by being forced to purchase such material, is without equity and can not be maintained.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JERE N. WILLIAMS.

The original bill in this case was filed by the Greenville Hotel & Improvement Company and R. A. Lee, as the assignee of a judgment in favor of the contractors who built the Greenville hotel, against the Porter & Blair Hardware Company and another; and sought to restrain the Porter & Blair Hardware Company from selling certain property under an execution issued upon a judgment recovered by it against certain contractors. The grounds of the relief sought in the original bill and the averments thereof are sufficiently stated in the opinion.

The Porter & Blair Hardware Company recovered in an action of assumpsit a judgment against the building contractors , and upon this judgment caused to be issued for its satisfaction an execution which was levied upon the material (the subject matter of this suit) in and about the hotel building, and the sheriff making the levy of such execution advertised said material for sale under said writ. The bill then alleges in the alternative (1) that the property so levied upon is not the property of the building contractors, but in equity is a part and parcel of the unfinished hotel and passed to R. A.

Lee by his sheriff's deed; (2) but if complainants are mistaken in the allegation that the equitable title to the property passed by the sheriff's sale to R. A. Lee, the complainants aver that in equity said property (that is, the material in and about the hotel building and lot) is the property of the Greenville Hotel and Improvement Company, and that the judgment of the building contractors which was transferred to complainant Lee is a lien thereon, or a superior right and equity thereto to the right of defendant, the Porter & Blair Hardware Company; and that in any event the said material is not liable to the said execution of the Porter & Blair Hardware Company.

The bill seeks to restrain the sale of the material under said writ of *fieri facias,* prevent its application to the satisfaction of the Porter & Blair Hardware Company's said writ, and further seeks to have said material applied or condemned to the satisfaction of the said judgment of R. A. Lee.

The respondent, the Porter & Blair Hardware Company, answered the original bill, averring the facts as stated above, and in the opinion asked that its answer be taken as a cross-bill, and that upon the hearing of the cause, the material involved in the suit be declared to be the property of the Greenville Hotel & Improvement Company, and subject to the judgment recovered by the Porter & Blair Hardware Company, and that the complainant in the cross-bill be declared to have an equity in such property, superior to that of either of the complainants in the original bill.

The cause was submitted upon motions to dismiss the original and cross-bill for the want of equity, and upon the demurrers to each of them. The chancellor overruled the motions to dismiss the bill for the want of equity, and sustained the demurrers to the cross-bill. The Porter & Blair Hardware Company appeals from this decree, and assigns the same as error.

L. M. LANE and C. E. HAMILTON, for appellant.—The contractors did not sue for the value of the unused material, but sued for and recovered damages on the contract caused by the purchase of unused materials that became useless to the contractors as they could not complete the building. The contract, complaint and ver-

dict of the jury show conclusively that the material is the property of the contractors against whom the Porter & Blair Hardware Company recovered its judgment, and not of the hotel company.—*Com. Fire Ins. Co. v. Capital City Ins. Co.*, 81 Ala. 327. This being true the contractors could enforce no lien against the property.

J. C. RICHARDSON,*contra*.—When a builder has partially performed his contract of building, and he is stopped by the employer's breach of contract, what are the builder's rights and what are the builder's remedies? In an executory contract (Bishop on Contracts, § 624) when one party prevents the performance of it, the other party has his election and choice of three remedies :

(1.) He may treat the chattel contracted for as still his own property. And upon such an election he may sue the buyer or employer for the damage which he has suffered. The measure of which damage is the difference between the contract price and the market value of the chattel at the time and place of delivery, or, if there is no market at the place of delivery, then the market value of the chattel at the nearest market, plus the cost of transportation to the place of delivery.—*Clements &c. Mfg. Co. v. Meserole*, 107 Mass. 362; *Young v. Mertens*, 27 Md. 114; *Gibbons v. United States*, 8 Wall. 269; *Rand v. R. R. Company*, 40 N. H. 79; *Harris Mfg. Co. v. Marsh*, 49 Iowa 11; *Northrup v. Cook*, 39 Mo. 208; *Whelan v. Lynch*, 65 Barb. 329; *St. Laubach v. Laubach*, 73 Pa. St. 387; *Nixon v. Nixon*, 21 Ohio St. 114; *Danforth v. Walker*, 37 Vermont 239; *Ice Co. v. Webster*, 68 Me. 463; *R. R. Co. v. Hale*, 85 Tenn. 69; *Hughes v. United States*, 4 Ct. of Cl. 64; *Hayden v. Demets*, 53 N Y. 426.

(2.) He may treat the chattel as the property of the buyer or employer, and, acting as the agent of the buyer or employer for this purpose, he may sue the buyer and recover of him the difference between the contract price and the price obtained from the resale of the chattel— *Van Horn v. Rucker*, 33 Mo. 391 *Crooks v. Moore*, 1 Sand. 297; *Lewis v. Grieder*, 49 Barb. 606; *White v. Kearney*, 9 Rob. (La.) 495; *Williams v. Godwin*, 4 Sneed, 557; *Saladin v. Mitchell*, 45 Ill. 85; *Barnett v. Terry*, 42 Ga. 283; *Walker v. Gooch*, 10 Biss. 159; *Iron Co. v. Smith*,

[Porter & Blair Hardware Co. v. Lee *et al.*]

66 Pa. St. 340 ; *Johnson v. Powell*, 9 Ind. 566 ; *Sands v. Taylor*, 5 Johns. 395 ; *Atwood v. Lucas*, 53 Me. 508 ; *Mason v. Decker*, 72 N. Y. 595 ; *Cook v. Brandeis*, 3 Met. (Ky.) 557 ; *Holland v. Rea*, 48 Mich. 218 ; *Haines v. Tucker*, 50 N. H. 313 ; *Goddard v. Binney*, 115 Mass. 450.

(3.) He may consider the chattel to be the property of the buyer or employer, notwithstanding there has been no acceptance of it by the buyer or employer. And upon an election or choice he may recover of the buyer or employer the full price and value of the chattel.—*Bement v. Smith*, 15 Wend. 493 ; *Doremas v. Howard*, 23 N. J. L. 390 ; *Dustan v. McAndrew*, 44 N. Y. 72 ; *Rodman v. Guilford*, 112 Mass. 405 ; *Wade v. Moffett*, 21 Ill. 110 ; *Cell v. Offutt*, 10 Bush. 632 ; *Ballentine v. Robinson*, 46 Pa. St. 177 ; *Chicago v. Greer*, 9 Wall. 726 ; *Brown v. Moody*, 34 Me. 107 ; *Elliott v. Pybus*, 10 Bing. 512; *Lovell v. Ins. Co.*, 111 U. S. 274.

HEAD, J.—There is clearly no equity in the present bill. J. H. Perdue, J. H. Bozeman and R. S. Lee, building contractors, contracted with the Greenville Hotel & Improvement Company, a corporation, to furnish the material and build for the latter a hotel in Greenville, Ala. When the building was approaching completion, the company failed in the payment of stipulated instalments of the contract price, and the contractors, for that cause, abandoned the work, and left the house in an unfinished state. Prior to the abandonment, they had procured, for use in the building, quantity of material of a kind and dimensions specially adapted to its construction. This material had been carried to the premises but had not been used. It was there in the possession of the contractors when they quit work. Afterwards, the contractors gave notice of, and filed their lien upon the land and building, under the mechanic's lien law, for a large sum due them on the contract, and afterwards instituted suit against the company for the recovery of judgment and enforcement of their lien. In this action it was alleged as an element of special damage, amongst other demands, that plaintiffs, by virtue of the contract which defendant had broken, thereby forcing them to abandon the work, had purchased the aforementioned unused material for the special use of that building. There was no claim in the complaint for the

price or value of that material as upon a sale thereof to the company, but, as we have said, the claim was for special damages suffered by being put to purchase it, and the default of the company which justified them in abandoning the contract, whereby they did not use the material for the purpose intended. Indeed the price or value of the unused material was not alleged in the complaint. In the course of the suit, they recovered judgment by default, and their damages, upon all the demands set up in the complaint, were assessed by a jury at $8.025. In the complaint, it is alleged, that in the notice which plaintiffs gave defendant of their intention to claim a lien, they stated that plaintiffs "looked to their lien upon the said hotel building and lot and material therein and thereabout for the payment of said sum,"—the total amount claimed in the suit; but it is alleged that in the lien they filed, they stated the "amount due for said material furnished and labor performed as aforesaid, and a description of said hotel, lot" &c. The previous averment was, that under and by virtue of the contract "the plaintiffs entered upon the execution of the erection of said hotel on said lot and furnished material and did work and labor under and by virtue of said contract, that is now unpaid for, to the amount or sum of $13,559.32; and that on the first day of February, 1892, said sum was and is due and unpaid for said material furnished and work and labor done by the plaintiffs under said contract." The special complaint or prayer was: "Wherefore the plaintiffs sue to recover a judgment for the said sum of $13,559.32, with the interest thereon, and an attorney's fee of $25.00, and all costs in this behalf expended, and for the establishment and satisfaction of a material-man's and contractor's lien in their favor and for the condemnation and order of sale of the said hotel and lot and material therein and thereunto belonging for the sums aforesaid." The lien is declared by the judgment in the following language: "That the said plaintiffs having a material-man's and mechanic's lien as contractors of the defendant upon said hotel and lot and material therein and thereunto belonging for the said sum of $8,025, and all costs in this behalf expended, and that the said hotel building and material therein and thereabout, and the said lot of land hereinbefore described be and the same is hereby

condemned to the payment and satisfaction of said lien and the amount hereinbefore stated, to wit, $8,025. and all costs in this behalf expended, and that the clerk of this court issue a *venditioni exponas* commanding the sheriff of Butler county, Alabama, to sell the said hotel building and the said material therein and thereabout and the said lot of land upon which the same is situate and which is hereinbefore described for the satisfaction of said sum of $8,025 and the costs in this behalf expended.'' This judgment was afterwards transferred by the plaintiffs therein to the complainant, R. A. Lee. The clerk afterwards issued a *venditioni exponas* to sell the lot or parcel of land, describing it, and the hotel building thereon ; and the sheriff returned that he sold the land pursuant to the *venditioni exponas* to said R. A. Lee for $3,500, and conveyed the same to him. Upon this state of case, the said R. A. Lee claims that he is, first, the legal owner of said unused material; or, if not, second, that the Greenville Hotel & Improvement Co. is the owner in equity, and that he has a lien thereon ; and he and the said company join in this bill to enjoin its sale, under execution in favor of Porter & Blair Hardware Company upon a judgment at law against the contractors.

In the first place, it is very clear, that if one of the alternatives, viz., that Lee is the legal owner of the material, be true, all title, legal or equitable, on the part of the Hotel & Improvement Company is excluded ; for it is by virtue of his purchase at sheriff's sale against that company that he claims to be such owner ; hence, that company has no place as a complainant here, and Lee has a complete and adequate remedy at law. Where alternative grounds of relief are stated in a bill, each must be good or the bill is bad. But, it is obvious, that neither Lee nor the Hotel & Improvement Company has any title to the material, legal or equitable. As we have seen, the action at law of the contractors against the company made no claim for judgment for the price or value of the material, as upon a sale, but only for damages for the loss sustained by being put to buy special material adapted to the use of the building. A recovery for that loss with satisfaction even, would not, in the least, affect or impair the titles of the contractors to the material. The fact that the contractors, in their suit,

[Louisville & Nashville Railroad Company v. Stutts.]

claimed a lien on the material, in the manner we have stated, is of no legal significance. If the property had been sold by them to the company, the same not having been used in the construction of the building so as to become a part of it, the statute gave no lien upon it.— *Lee v. King*, 99 Ala. 246. The lien is upon the land and the building, article, improvement or utility erected thereon.—Acts 1890–91, p. 578. Sash, doors, blinds &c. lying loose upon the premises, put there by the contractors, constitute no part of the building. It belongs to the contractors who bought it and put it there; and to say they have a lien upon it is an anomaly; quite as much so as the proposition that the contractors, by choosing, in their action against the company, to claim a lien upon it, thereby retained in themselves the legal title, but invested in the defendant company an equity, with a retention in themselves of a lien on that equity. The company suffered the action to go by default. In doing so, it relied upon the court to render such judgment as was authorized by law, upon the allegations of the complaint. The court had no authority to declare a lien on this material and the defendant knew it; hence the declaration of such a lien had no effect whatever upon it.

It is manifest the bill can not be amended so as to give it equity. The decree of the chancellor is reversed and a decree will be here rendered dismissing both original and cross-bills. Appellees will pay the costs of this court and the chancery court.

Reversed and rendered.