# Robinson, *et al. v.* Crotwell Brothesr Lumber Company.

*Bill to Enforce Mechanic and Material-man's Lien.*

(Decided June 2, 1910. 52 South. 733.)

1. *Mechanics' and Material-man's Lien; Material; Use in Building; Bill.*—A bill to enforce a material-man's lien which alleges only that the material was furnished for the building is demurrable, since the lien does not attach to materials furnished for the building, but not used therein.

2. *Same; Filing Statement.*—Where the statement was filed March 17, 1908, and at the end of the statement was a note stating that the account was due and payable Jan. 1, 1908, and the bill alleged that the statement attached was filed with the judge of probate, such statement did not take the place of an allegation that the statement was filed within four months after the indebtedness accrued as required by Acts 1900-01, p. 2118, and such omission rendered the bill demurrable.

3. *Same; Statement; Description of Property.*—Where the bill was to enforce a mechanic and material-man's lien on the building but not on the lot, and the description of the building was sufficient, it was not material that the statement did not sufficiently describe the lot.

4. *Same; Statement; Variance.*—Where the bill alleged that the exhibit was a copy of the duplicate accounts furnished the contractor and the owner when the material was furnished, but the notice did not correspond with such duplicate, and the bill sought a lien on the building while the notice claimed a lien on the lot, the bill was fatally defective.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Bill by the Crotwell Brothers Lumber Company against Tom. F. Robinson and others to enforce a material-man's lien. Judgment for complainants and respondents appeal. Reversed and remanded.

TROTTER & ODELL, for appellant. The allegation of the bill and the statement filed as to the time of its filing were subject to demurrer.—*Kelly v. Kellog*, 17 Ill. 477; *Beemont v. Trenton Co.*, 32 N. J. L. 513; Phillips

on Mechanics' Liens, sec. 27. The exhibits and the no-
tice render the bill fatally defective when considered
in connection with the prayer.—*Cook & Co. v. Rome
B. Co.,* 12 So. 918; *Walker v. Danewood,* 80 Ala. 245;
*Lane v. Jones,* 79 Ala. 156; *Cutliff v. McAnally,* 7 So.
331. Counsel discuss the insufficiency of the descrip-
tion of the lot and cite authority in support of their con-
tention.

PINKNEY SCOTT, for appellee. The statements and
averments make out a prima facie case, and was not
subject to demurrer.—*Welch v. Porter,* 63 Ala. 232;
*Tisdale v. A. & G. L. Co.,* 131 Ala. 458; s. c. 139 Ala.
250; *Leftwich L. Co. v. Florence M. L. & S. A.,* 104 Ala.
584; *Garrison v. Hawkins L. Co.,* 111 Ala. 310.

SIMPSON, J.—The bill in this case was filed by the
appellee to enforce a material-man's lien on a building
owned by said respondent Robinson, which had been
erected by Fred. Jay, contractor. The assignments of
error relate to the action of the court in overruling de-
murrer to the original bill.

The first insistence is that the bill does not allege,
nor do the exhibits show, that the materials furnished
were used in the building described. The third section
of the amended bill alleges that the material was fur-
nished for the building. This court has said that: "In
actions by which it is sought to declare and enforce the
lien given by statute to mechanics, materialmen, and the
like, every fact necessary to the creation of the lien must
be alleged and proved. This is the general rule of plead-
ing which is applied with much strictness to this class
of actions."—*Cook v. Rome Brick Co.,* 98 Ala. 409, 413,
12 South. 918, 919. We have also held that the lien does
not attach to material furnished for the building not

used in it, but left lying on the premises after the completion of the building.—*Lee v. King,* 99 Ala. 246, 13 South. 506; *Porter & Blair Hardware Co. v. Lee et al.,* 105 Ala. 361, 368, 17 South. 216. This court also said: "We do not declare as a universal proposition that the burden is on the materialman to show that the goods were used in the construction of the particular building; but, where the contractor stipulates to furnish the material, and the owner of the property is not notified of the purchase, the materialman should show, with reasonable satisfaction, that the goods were used in the building."—*May & Thomas Hardware Co. v. McConnell,* 102 Ala. 577, 581, 14 South. 768. In another case where there was a contract to build two houses, this court said: "It does not appear by the statement of the claim filed in the office of the judge of probate what part of the gross amount claimed was for materials used in the building of this house. Very clearly, in principle, and upon all authority, the statement thus filed was wholly bad and inefficacious to fix a lien upon either of the lots and houses in question."—*Leftwich Lumber Co. et al. v. Florence, etc., Ass'n,* 104 Ala. 584, 595, 596, 18 South. 48, 51.

The act of March 4, 1901 (Acts 1900-01, p. 2115), provides for the enforcement of the lien, where two or more buildings are erected under a general contract; and this court in commenting on that act said: "Prior to this statute, in order to acquire a lien, the particular goods must have been furnished for the erection of the particular building on which the lien is sought, and, to secure the benefits of the lien, it was necessary to allege and prove that each piece of material so furnished was actually used upon the particular building so designated."— *Cocciola et al. v. Wood-Dickerson Supply Co.,* 136 Ala. 532, 33 South. 856. In that case the bill alleged that

[Robinson, et al. v. Crotwell Brothers Lumber Company.]

the material was purchased for the building *"and so used"* (italics supplied), so that, taking the statement of the court in connection with the statute in question, we hold that this case, in connection with the others cited, is authority for the principle that "it must be alleged and proved" that the material was actually used upon the particular building, where there is but one, and on the particular building, where there is a contract for more than one building. Consequently this ground of demurrer was well taken.

The bill is also subject to the demurrer on the ground that it does not allege that within four months after the indebtedness accrued the statement required by law was filed in the office of the judge of probate.—Acts 1900-01, p. 2118, § 2. It is true that the bill alleges that the statement (Exhibit A to the bill) was filed, and, at the end of that statement, there is a note stating that the amount due was payable January 1, 1908, the statement being filed March 17, 1908, but that does not supply the deficiency of the necessary averment in the bill that the statement was filed within the time required by law. This is not only not an allegation in the bill, but is not proof of the fact, as the law does not provide for any such statement in the paper, nor make it proof of any such fact.—3 Ency. Pl. & Pr. 362; 13 Id. 986-988.

The description of the property in "Exhibit A" referred to in the bill for that purpose is probably not sufficient (*Montgomery Iron Works v. Dorman,* 78 Ala. 218, 220, 221); but this is not material in this case, as the bill does not pray for the enforcement of the lien on the lot, but only "that a decree be rendered for lien and judgment on said building," and the description is sufficient to identify the building.

The bill is also subject to the ground of demurrer "that the statement filed in the office of the judge of

probate was not the one of which complainant gave respondent 10 days' notice." The two statements are for different amounts, and different items. Said act of March 4, 1901 (page 2117), requires duplicate accounts to be furnished the contractor and the owner at the time the material is furnished, and the bill alleges that said Exhibit A is a copy of said duplicates, and the notice does not correspond with said duplicates furnished. It will be noticed, also, that the bill claims a lien on the building, while the notice is that a lien will be claimed on the lots.

We have not deemed it necessary to discuss that part of the bill alleging that a small portion of the material was furnished to the owner directly, for two reasons, to wit: The statement filed claims only that the goods were furnished to the contractor, and the account attached to the notice shows affirmatively that the goods claimed to have been furnished to the owner had been paid for before the notice was given, and the original statement filed shows the same fact.

The decree of the court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.