London, Yancey & Brower, J. K. Jackson, and Smyer, Smyer & Bainbridge, all of Birmingham, for appellants.

(133 So. 267)

### JEFFERSON MORTGAGE CO. et al. v. ESTES LUMBER CO.

6 Div. 695.

Supreme Court of Alabama.

March 12, 1931.

Rehearing Denied April 9, 1931.

Coleman, Coleman, Spain & Stewart and Frank M. Young, all of Birmingham, for appellee.

**SAYRE, J.**

Appellee's bill sought to have declared a lien under the statute for materials used in the building of a dwelling on the property of one Roan, who is made a party defendant to the bill, but does not complain of the decree which resulted in a sale of the property to appellee. The priority of a mortgage on the land—without the building—is the question at issue between appellee and the Jefferson Mortgage Company. As for the Fidelity Mortgage Bond Company, which prosecutes its separate appeal, it does not deny the right of appellee to have the building condemned to the payment of the Jefferson Mortgage Company's mortgage, but its complaint of the decree in the trial court is that it should have ordered the improvement, to collect the cost of which the bill was filed, sold, and removed from the land for the satisfaction of appellee's (original complainant's) demand, or in terms subject to its (the Fidelity Mortgage Company's) purchase-money mortgage and without impairment of its rights as mortgagee. The foregoing statement of the questions at issue between the parties will sufficiently disclose the nature of the decree under review.

The Fidelity Company suffered a decree pro confesso, and now, for one thing, contends that, its general demurrer having been overruled, the final decree against it, based upon the original decree pro confesso and nothing else, was erroneous for the reason that afterwards appellee's answer to cross-bill was amended and proceeded to a final decree without further answer on the part of the Fidelity Company and without further decree pro confesso.

The decree now under review is that "complainant, Estes Lumber Company, is entitled to a materialman's lien to the extent of" an amount named in the decree, both as to the following described real estate and the improvements thereon," describing the realty, "both as to the land and the improvements on same"; "that said lien, as to the respondent, Fidelity Mortgage Bond Company, is prior and superior to any right which the Fidelity Mortgage Bond Company may have in and to the improvements on the above-described property, but that said lien is inferior to the lien or rights of the said Fidelity Mortgage Bond Company as to the above described land."

It must be conceded that the decree from which we have quoted leaves the matter of rights as between appellee and the Fidelity Company in a state of unsatisfactory definition. It was desirable, as we said in effect in Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623, repeated. Becker Roofing Co. v. Wysinger, 220 Ala. 276, 124 So. 858, that all equities and liens be adjusted by the decree to the end that interested parties may be advised as to their rights and bid at the sale accordingly. The record does not disclose the terms or due date of the Fidelity Company's mortgage, but only its amount at the date of execution. According to the rule of Becker Roofing Co. v. Wysinger, supra, the debt of the owner to the Fidelity Company, if not due at the date of the decree, might well have been precipitated to the date of the foreclosure ordered and a cash bid to the amount necessary to discharge that debt required of the purchaser. The decree awards preference to the Fidelity Company so far as concerns the land, as is its right, but no provision is made for the collection of its debt. There was a decree pro confes-

so against this appellant, as we have noted. Nevertheless, the final decree disposed of the rights of the parties as we have indicated, and, as far as it went, properly so.

■ As between appellee, complainant in the court below, and appellant Jefferson Mortgage Company, other questions are presented for decision.

The Jefferson Mortgage Company complains of the decree for the reason that it awards a preference to the claim and lien of the Estes Lumber Company without exacting equity of the complainant. The question just here at issue between the parties is a question of preference only. The lumber company has received nothing at the hands of the mortgage company, and of course needs offer to return nothing, and if, on the facts averred, the lumber company is entitled to a preference, this particular objection to the ruling against appellant's demurrer and motion to dismiss for want of equity loses point.

In this connection it is observed that appellant's answer, of date January 28, 1928, nearly twelve months prior to the ruling against the demurrer to the bill of complaint, avers that on March 3, 1928, the Fidelity Mortgage Bond Company executed a "subrogation"—meaning, as we infer, "subordination" agreement, which was filed for record in the office of the probate judge of Jefferson county, Ala., on March 7, 1928, "subrogating"—meaning "subordinating," as we infer—the said purchase-money mortgage held by the said Fidelity Mortgage Bond Company to the said mortgage of this respondent, wherein it was agreed that the said mortgage of the respondent Jefferson Mortgage Company should be a first mortgage on said property and prior and superior to the mortgage held by the Fidelity Company. By the decree the lien of the appellee is preferred to the claim of the appellant Jefferson Company so far as concerns improvements, but declared inferior to that of the Fidelity Company on the land, as we have heretofore said in effect, and the lien of appellee is preferred to that of appellant both as to land and improvement.

The necessity for a specific offer on the part of complainant to do equity is found by appellant, as we understand, in the fact that appellee fails to offer to surrender for cancellation the subordination agreement to which we have referred—at least the decree should have provided specifically for its cancellation as a condition of the relief awarded to appellee. Averment and proof alike were to the effect that the subordination agreement was delivered and was to become effective only in the event the Jefferson Company made a loan out of which appellee's claim should be paid, that the Jefferson Company failed to make the loan, so that, in effect, appellee's lien under the statute remained uneffected. Perhaps a formal decree to that effect would have been better; but the necessary effect of the decree rendered was to destroy the subordination agreement and to establish the rights and equities of the parties on the same basis as if there had been a formal provision of the decree abrogating the release and discharge executed by the lumber company upon condition that its lien should be discharged out of the proceeds of the mortgage loan which the Jefferson Company was to make to the owner. And, in any event, we apprehend that the Jefferson Company had nothing of which to complain. True, the subordination agreement showed that it was made in consideration of the premises, i. e., the proposed discharge of appellee's lien and the payment of $5 by the Jefferson Company. But the event showed that appellee's lien was not discharged, and, as for the recited cash consideration of $5, the court was justified in treating it as merely nominal, its payment not being shown in evidence.

Appellant further complains that there was no sufficient averment of the fraud charged, or attempted to be charged, in connection with the subordination agreement—this complaint, as the argument goes to show, having reference to appellee's answer to the cross-bill. But, however referred to, there is nothing in the original bill, nor in the amended answer to the cross-bill, nor that matter in the demurrer itself, to call for a discussion of the question presented in the brief. The only demurrer of record was filed before the answers, original or amended, to appellant's cross-bill, and raised no such question as we find discussed in the brief.

■ The court is of opinion that appellee's bill was defective in that, failing to observe the limitations upon the remedy imposed by section 8832 of the Code, it contained no averment that the parcel of land on which appellee sought a lien was situate in a city, town, or village, or, if not, any description by acreage or otherwise of the tract upon which appellee sought a lien. But this defect in the bill was cured by appellant's pleading and cannot be allowed to work a reversal.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.