## WOOD LUMBER CO. v. GREATHOUSE et al.
### 6 Div. 625.

Supreme Court of Alabama.

May 9, 1935.

London, Yancey, Smith & Windham and Al. G. Rives, all of Birmingham, for appellant.

B. F. Smith, of Birmingham, for appellees.

THOMAS, Justice.

This is the second appeal in this case; the first appeal being reported as Wood Lumber Co. v. Greathouse et al., 226 Ala. 644, 148 So. 125.

The judgment on the second trial was that of a personal judgment against Greathouse, as lessee in possession or the purchaser to whom the materials were furnished and by whom employed in making the improvements on the land.

The bill was filed under sections 8834 and 8835 of the Code, to declare and enforce a materialman's lien against the improvements made on the leased land. These improvements were erected by respondent Greathouse, a lessee in possession, and respondents Harden and Donald were the lessors. It was contemplated by the terms of the lease that the improvements in question be made, and, therefore, were not made in violation of the terms of the lease sales contract in evidence.

It is clearly indicated by complainant's counsel in his pleadings, that no lien was sought on the land, but only upon the improvements in question, and judgment was sought for the amount of $968.16, with interest from January 21, 1929, being the amount alleged to have been due on the purchase price of the materials and supplies purchased by Greathouse from the complainant and actually used in making the improvements; and complainant further prayed that a lien be declared on said improvements to such extent.

Respondents Harden and Donald did not file a cross-bill, sought no affirmative relief, and averred a lack of knowledge that the complainant had furnished the materials so used, and that since the improvements had been made they had never acknowledged the indebtedness to the complainant for which the lien was sought.

The testimony of Mr. Rives, as attorney for the complainant, shows the perfection of the lien as required by statute, section 8836, Code; the due bringing of the suit to perfect and enforce the lien; that lis pendens notice was filed and recorded in the probate court and was in evidence.

Mr. Wood, as president of the complainant, and Mr. Greathouse, as a witness, offered testimony showing that complainant furnished all of the bricks, tiles, and sand (except one and one-half yards furnished by Lasseter Lumber Company); the lumber consisting of sills, girders, and floor joists, sheathing, brick mould, and grounds in kinds and amounts indicated for this house and two other houses for the same parties.

Greathouse testified as to quantities, character, and market or contract prices of the materials furnished, and that at the time the improvements were completed the lot had a value of $2,000, and the improvements erected thereon a value of about $6,000, aggregating a value of about $8,000 for the land and improvements. Wood placed the respective values at $2,000 and $7,000.

The witness Chapman, who qualified as an expert quantity engineer, after due inspection and measurements, testified as to the quantities of the respective materials used in the building in question, which were furnished exclusively by the Wood Lumber Company.

The testimony of Wood, Greathouse, and Chapman was sufficient to indicate the quantities of materials furnished and incorporated in the improvements, the respective values thereof, and the balance due therefor to complainant.

The cause was reversed on former appeal for failure to render a personal judgment against Greathouse. Wood Lumber Co. v. Greathouse et al., 226 Ala. 644, 148 So. 125. The complainant is entitled to its lien on the improvements (not insisted upon as to the land) under the leasehold, as we have indicated on former appeal. Sections 8834, 8835, Code.

A lessor has the right under the statute to discharge a lien and prevent a sale or removal of the building or improvements. Section 8835, Code. It is unnecessary to collect the authorities to the effect that such a lien may be established against the improvements alone, without the land. This was conceded on the trial by adverse counsel. When a new house is in process or constructed within the period of the statute, it is notice of the mechanic's or materialman's lien that may exist; and notice to subsequent lienholders and encumbrances, and affects the purchasers for value with such notice. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

We indicated on first appeal that this case was within the rule of College Court Realty Co. v. J. C. Letcher Lumber Co., 201 Ala. 361, 78 So. 217. And under the testimony on this appeal by Wood, Greathouse, and Chapman, complainant was entitled to a lien on the improvements, as is the insistence now made.

There is no lien in favor of Harden or Donald for money they advanced to pay for labor and material used in the erection of the improvements in question. Mechanics' Leins, vol. 20, Alabama and Southern Digest, ⬳51, 113(2).

The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.