172 So. 266

## FOWLER v. MACKENTEPE.
### 6 Div. 38.

Supreme Court of Alabama.
Jan. 23, 1937.

St. John & St. John, of Cullman, for appellant.

H. H. Kinney, of Cullman, for appellee.

THOMAS, Justice.

The bill was to enforce a materialman's lien. It was filed by the complainant as executor of the estate of J. Mackentepe, deceased, and individually.

The statement aiding the bill as an exhibit (Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90) was made and filed by appellee in his representative capacity and not as an individual.

The demurrer challenged the bill for misjoinder of parties complainant.

The description of the property for which the materials are claimed to have been furnished and used in the building erected and the improvements made thereon is as follows:

"Complainants * * * aver that the materials furnished under the terms of said contract were used in the building and improvements made and erected on the following described property which is not in a city, town or village, but the same is located in Cullman County, Alabama, to-wit:

"A one story frame store building and one acre in addition to the land upon which the building or improvement is situated, said one acre being a part of the NW-¼ of the NW-¼, Section 19, Township 9, Range 2 West, and also the SW-¼ of the SW-¼ of Section 18, Township 9, Range 2 West, said tract upon which said building is located containing 80 acres more or less. ·

"And complainants further aver that said materials so furnished and used, contributed materially to the enhancement in value of the above described property."

The averments of the bill, "that respondents, G. W. Smith and Gillie Gilbreath, under contract or agreement between these respondents constructed or erected the building and improvements on the above described property as a joint enterprise in and as a part of which said materials furnished by complainants were incorporated or used; * * * that the agreement or terms of the contract between respondents is unknown to * * * complainant; * * * that the credit and contract or agreement to furnish material and supplies was made between complainants and the respondents, G. W. Smith and Gillie Gilbreath, and that the materials and supplies were furnished direct to the owner of said property, and the credit was extended to the owner of said property and the owner of said property, therefore, had notice of the extension of such credit," show a joint interest as to the materials furnished and used in the improvements made on the property; the contract for same being executed by co-operation of the respondents Smith and Gilbreath for Gilbreath, the owner of the property.

The claim filed by the complainant in the office of the judge of probate was as follows:

"Comes L. A. Mackentepe, as executor of the estate of J. Mackentepe, deceased, and files this statement in writing, verified by the oath of L. A. Mackentepe, who has personal knowledge of the facts herein set forth:

"That said L. A. Mackentepe, as executor of the estate of J. Mackentepe, deceased, claims upon the following property, situated in Cullman County, Alabama, to-wit:

"A one story frame store building and one acre in addition to the land upon which the building or improvement is situated, said one acre being a part of the NW-¼ of the NW-¼, Section 19, Town-

ship 9, Range 2 West, and also the SW-¼ of the SW-¼ of Section 18, Township 9, Range 2 West, said tract upon which said building is located containing 80 acres more or less.

"This lien is claimed, separately and severally, as to both the buildings and improvements thereon, and the said lands.

"That said lien is claimed to secure an indebtedness of One Hundred Nine and 81/100 Dollars ($109.81), with interest, from to-wit, the 21st day of September, 1935, for material and lumber furnished to erect said house heretofore described.

"The name of the owner or proprietor of said property is Gillie A. Gilbreath."

■ It is decided in this court that, where a lien is to be enforced on land to the extent of one acre, not in a city, town, or village, as here, the particular tract or acre on which the lien is sought to be charged and enforced must be specifically designated. This, in order that it may be separated from the adjacent lands composing the remainder of such tract not lying or being in a city, town, or village. Section 8832, Code. Such reasonable requirement is necessary that the parties in interest and the court be informed as to the particular tract of land affected by the improvement, and that it be sold pursuant to the statute obtaining. In the absence of such a description in the claim filed pursuant to statute, no lien attaches or may be enforced under the statute. Snellings Lumber Co. v. Porter, 225 Ala. 164, 142 So. 560; Gilbert v. Talladega Hardware Co., 195 Ala. 474, 70 So. 660.

It is further declared that, when a statutory lien is provided in derogation of the common law, it is looked upon with jealousy, is strictly construed, and there must be compliance in all matters of substance. This rule is necessary to protect the debtor and his property against unlawful expense, embarrassment, or impositions. 37 C.J. p. 309; Snellings Lumber Co. v. Porter, supra.

We have indicated that the averments of the bill and the claim filed show the land was not in a city, town, or village; that it is merely located in Cullman county, Ala., and on the 80-acre tract described by calls of government subdivisions.

The prayer of the bill is "that upon consideration of this cause by the court a decree be made and entered herein, giving the complainant a judgment for the amount sued for with interest thereon from the date of the maturity of said indebtedness and adjudging and decreeing a lien on the above described property and improvements in favor of the complainant for the amount of their (respondents) indebtedness; and that this court will further order and decree that in the event said indebtedness is not paid within a time to be fixed by decree of this court, that said property be sold by the register in compliance with the further orders of this court for the satisfaction of said indebtedness."

Thus the lien was sought to be decreed on "the building or improvement [is] situated [on] said one acre being a part of the NW-¼ of the NW-¼, Section 19, Township 9, Range 2 West, and also the SW-¼ of the SW-¼ of Section 18, Township 9, Range 2 West, said tract upon which said building is located containing 80 acres more or less." It will be noted that this lien is sought on the building and one acre of land, and not on the improvements, alone, as was the case in Wood Lumber Co. v. Greathouse, 230 Ala. 362, 363, 161 So. 236.

■ The question recurs: Was the description employed in the claim filed in the probate office, and that contained in the bill, a compliance with the statute (section 8836, Code) in the matter of substance, and within the decisions of this court? We think so. In Montgomery Iron Works v. Dorman, 78 Ala. 218, 220, 221, it was declared that "The purpose of the statute, in requiring the claim to be filed with the judge of probate, is to give notice to purchasers and creditors. For this purpose, the description of the property, on which the lien is claimed, is material. It should be sufficiently certain to designate the property to be charged. It is sufficient, if the description points out the premises, so that, by applying it, the land can be identified. The language of the statute is, '*a true description of the property, or so near as to identify the same.*' Convenient and reasonable certainty is requisite. When the lien on the land is to *the extent of one acre,* and the tract of land contains more acres than one, the particular acre on which the lien is charged must be pointed out, and designated by a description sufficiently certain to identify and separate it from the balance of the tract. The same certainty of description is requisite as in case of a levy under execution, so that the court may be informed what land to order

sold, and the purchaser be able to locate it. Without such description no lien is acquired.—Munger v. Green, 20 Ind. 38; Williams v. Porter, 51 Mo. 441; Tuttle v. Howe, 14 Minn. 145 (Gil.113), 100 Am. Dec. 205. The same certainty of description in the complaint is requisite for the enforcement of the lien.—Phillips on Mec. Liens, § 378." This rule was adhered to in Turner v. Robbins, 78 Ala. 592, and in Robinson et al. v. Crotwell Brothers Lumber Company, 167 Ala. 566, 52 So. 733. To like effect is Bedsole v. Peters, 79 Ala. 133, wherein it was held that, while the lien claimed on the one acre expressly given by statute failed for uncertainty in description, it would be sustained, on the building, erection or improvement, it being described with reasonable certainty. 84 A.L.R. 133, note 1.

The statutes that now obtain are not materially different from those construed in the Montgomery Iron Works and Bedsole Cases, supra, as to description of lands not in a city, town, or village. Section 8832 of the Code, providing that "Every mechanic, person, firm, or corporation who shall do or perform any work, * * * or furnish any material * * * for any building or improvement on land * * * upon complying with the provisions of this article, shall have a lien therefor on such building or improvements and on the land on which the same is situated, to the extent in ownership of all the right, title, and interest therein of the owner or proprietor, and to the extent in area of the entire lot or parcel of land in a city, town or village; or, if not in a city, town or village, of one acre in addition to the land upon which the building or improvement is situated," was construed in those cases as section 3440 of the Code of 1876. In section 8836 of the Code 1923, the words are "a description of the property on which the lien is claimed in such a manner that same may be located or identified, a description by house number, name of street, and name of city, town or village being a sufficient description where the property is located in a city, town or village, and the name of the owner or proprietor thereof," and, while section 3444 of the Code of 1876, construed in the Montgomery Iron Works and Bedsole Cases, did not contain the language quoted from section 8836 of the present Code, it did contain these words: "a true description of the property, or so near as to identify the same, upon which the lien is intended to apply."

And the provision of section 3445 of the Code of 1876—"the amount claimed, the name of the person against whose property the lien is claimed, and *the description of the property charged with the same*"—construed as indicated, is in substance embraced in sections 8832 and 8836 of the present Code. (Italics supplied.) Hence, what is required of a description to be employed in the claim and enforcement of a lien is clearly stated in the decisions of Montgomery Iron Works v. Dorman, 78 Ala. 218, and Bedsole v. Peters, 79 Ala. 133.

The case of Robinson et al. v. Crotwell Brothers Lumber Company, 167 Ala. 566, 52 So. 733, was decided under the Code of 1907, and the statutes dealt with in that case, as to the extent and requirements of a description of the character of lands to be charged with a lien, were, in material aspects, embraced in the Code of 1923.

The fact that the provisions of section 8832, Code of 1923, went further than those employed in section 4754, Code of 1907, did not affect the definition or interpretation theretofore given as to the required definiteness of the description of land not in a city, town, or village. In the Code of 1907, § 4754, the provision is: "or, if not in a city, town, or village, *of one acre*," while in section 8832, Code of 1923, it is: "or, if not in a city, town or village, *of one acre in addition to the land upon which the building or improvement is situated.*" Thus the last codification as to area is broader than that provided in the previous statutes; hence the greater necessity for a specific designation or description of the land on which the building or improvement is situated, if not in a city, town, or village. Fulton et al. v. Watts, 209 Ala. 408, 96 So. 184.

The description required for urban lots or lands is different from that required for rural lots or lands. For description held good as to city property, see: Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90; City Realty & Mortgage Co. v. Tallapoosa Lumber Co., 231 Ala. 238, 164 So. 55; Wood Lumber Co. v. Greathouse, 230 Ala. 362, 363, 161 So. 236; Byrum Hardware Co. v. Jenkins Bldg. Supply Co., 226 Ala. 448, 147 So. 411; Richardson Lumber Co. v. Howell, 219 Ala. 328, 122 So. 343; Sturdavant et al. v. First Ave. Coal & Lumber Co., 219 Ala. 303, 122 So. 178; and that as to country property: Jefferson Mortgage Co. et al. v.

462

Estes Lumber Co., 222 Ala. 559, 133 So. 267; Robinson et al. v. Crotwell Brothers Lumber Company; Bedsole v. Peters; and Montgomery Iron Works v. Dorman, su-. pra.

■ The bill is in one aspect—to enforce a materialman's lien. The demurrer is directed to the bill as a whole. The description employed in the claim filed in the probate office and that contained in the bill are definite as applied to the improvement and the land on which the improvement rests. And the lien may be enforced to that extent, and not to an additional acre of adjacent land. Wood Lumber Co. v. Greathouse, 230 Ala. 362, 363, 161 So. 236. In the final decree, if the facts warrant, a lien may be enforced upon the improvement and the land on which that improvement rests; the enforcement of a lien upon the additional acre of adjacent land will be denied under the description thereof contained in the claim filed in the probate office and made an exhibit to this bill.

There was no error in overruling the ground of demurrer challenging the sufficiency of the description employed in the bill and claim sought to be declared a lien. We are of the opinion, and hold, that the decree of the circuit court should be, and is, affirmed.

Affirmed.

All the Justices concur, except BROWN, J., who dissents.

BROWN, Justice (dissenting).

"Certainty to a common intent in pleading is essential to the due administration of justice, and it cannot be abolished. By certainty causes and issues are identified for the determination of jurisdiction, and thereby the protection of parties against repeated trials of the same case, the finality of elections of remedies, the comity of courts, and other conserving principles of procedure are assured.—2 Hughes on Prop. 474. And, to come nearer to the needs of the instant case, certainty in some degree is required to give adversary parties reasonable notice of what they must be prepared to meet, and to speed the disposition of causes under their merits.— Tennessee Coal, I. & R. Co. v. Smith, 171 Ala. 251, 55 So. 170." This principle has been so often stated in Alabama that it is a truism of the law of procedure. Woodward Iron Co. v. Marbut, 183 Ala. 310, 313, 314, 62 So. 804; Schwartz Motor

Co. et al. v. Bradley Real Estate & Ins. Co., 220 Ala. 295, 125 So. 26; Federal Land Bank of New Orleans v. Mulkey, 228 Ala. 500, 153 So. 775; Bradford et al. v. Sneed et al., 174 Ala. 113, 56 So. 532.

There is another rule of pleading, a counterpart of the rule just stated, and equally as well settled in this jurisdiction, to wit: "On demurrer, averments of pleading must be construed most strongly against pleader, and all intendments resolved against him." Federal Land Bank of New Orleans v. Mulkey, supra.

A habitual disregard of these rules, now so firmly grounded in the law, by this court, evinces a lack of due appreciation of their purpose, and portends their abandonment or destruction. The majority opinion clearly ignores these rules of pleading.

In Montgomery Iron Works v. Dorman, 78 Ala. 218, 220, 221, it was observed: "The purpose of the statute, in requiring the claim to be filed with the judge of probate, is to give notice to purchasers and creditors. For this purpose, the description of the property, on which the lien is claimed, is material. It should be sufficiently certain to designate the property to be charged. It is sufficient, if the description points out the premises, so that, by applying it, the land can be identified. The language of the statute is, 'a true description of the property, or so near as to identify the same.' Convenient and reasonable certainty is requisite. When the lien on the land is to *the extent of one acre*, and the tract of land contains more acres than one, the particular acre on which the lien is charged must be pointed out, and designated by a description sufficiently certain to identify and separate it from the balance of the tract. The same certainty of description is requisite as in case of a levy under execution, so that the court may be informed what land to order sold, and the purchaser be able to locate it. Without such description no lien is acquired."

The majority opinion concedes that the description is void as to the one acre, but holds that it is valid as to the building and the land on which it is situated. The building in the exhibit to the bill is described as *"a one story frame store building,"* etc. (Italics supplied.) This averment does not designate any particular building, and there is nothing in the statement of the lien or the averments of the bill that there is but one "one story frame store building"

on the 80-acre tract, and, if it should be conceded that a description which is not certain on its face might be made certain in the light of other facts, there is no such averment in the bill. Therefore, "treating the averments as true, yet if a case may be supposed consistent with them, which would render the averment insufficient, such case will be presumed or intended, unless excluded by particular averments." Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 112, 145 So. 443, 444.

It is not out of place to state here that "The rule that the absolute owner of property has the right to transfer it by any description which, together with parol evidence, may ascertain the property conveyed, applies only to sales and transfers by the absolute owner, and not to sales in invitum of his property; such as execution sales, where the property levied upon must be described with such certainty as will enable any one to know the property taken in execution, and to give purchasers notice of what they are buying, and that the debtor's property may not be unnecessarily sacrificed." Herman on Executions, p. 289, § 191; Bradford et al. v. Sneed et al., supra.

The demurrer, in my opinion, was well taken and should have been sustained.

I therefore respectfully dissent.