## POWERS v. GRAYSON. (6 Div. 681.)

(Supreme Court of Alabama. June 17, 1926.)

**1. Mechanics' liens ⬤⟹157(1).**

Failure of statement of lien, under Code 1923, § 8836, to show that materials furnished were in fact used *held* not to render it defective, where averments of complaint in such respect were sufficient.

**2. Mechanics' liens ⬤⟹149(1).**

Statement of materialman's lien, under Code 1923, § 8836, need not contain itemized list of items or material furnished.

**3. Mechanics' liens ⬤⟹154(3).**

Verification of statement of materialman's lien, under Code 1923, § 8836, expressly stating affiant had personal knowledge of facts, *held* sufficient.

**4. Mechanics' liens ⬤⟹271(15).**

Bill for enforcement of materialman's lien, under Code 1923, § 8832 et seq., appearing filed as of date before filing of verified statement by using word "filed" in referring to statement denoting past tense, *held* to disclose that statement as to dates was self-correcting error.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by C. H. Grayson, doing business as the Grayson Lumber Company, against Ida Powers. From a decree overruling a demurrer to the bill, defendant appeals. Affirmed.

Frank Deedmeyer and W. B. Harrison, both of Birmingham, for appellant.

Every essential to the creation of a materialman's lien must be averred in a bill to enforce such a lien. Cook v. Rome Brick Co., 98 Ala. 409, 12 So. 918; Long v. Pocahontas Coal Co., 117 Ala. 587, 23 So. 526. Statement of lien is not properly verified on information and belief only. Globe Co. v. Thacher, 87 Ala. 458, 6 So. 366; Johnson v. Stocks, 207 Ala. 345, 92 So. 457. A materialman cannot fix a lien on property for material furnished for, but not used in, the building or improvement. Eufaula Co. v. Addyston Co., 89 Ala. 552, 8 So. 25; May & Thomas v. McConnell, 102 Ala. 577, 14 So. 768; Robinson v. Crotwell, 167 Ala. 566, 52 So. 733. A bill cannot be filed to enforce a mechanic's lien prior to the filing of the claim of lien in .the probate office. Code 1923, § 8836.

Miller & Graham and D. P. Wingo, all of Birmingham, for appellee.

Statement of lien need not itemize materials furnished, nor aver that same were used in the building or improvement. The statement here is in Code form and is sufficient. Code 1923, §§ 8832–8836; Leftwich v. Florence Ass'n, 104 Ala. 584, 18 So. 48; Garrison v. Hawkins L. Co., 111 Ala. 308, 20 So. 427; Cook v. Rome Brick Co., 98 Ala. 409, 12 So. 918. A date alleged under a videlicet need not be proven as alleged; the bill is not demurrable for any alleged defect as to date. B. R., L. & P. Co. v. Mosely, 164 Ala. 111, 51 So. 424; Birmingham v. McKinnon, 200 Ala. 111, 75 So. 487.

GARDNER, J. The appeal is from a decree overruling defendant's demurrer to the bill filed by appellee against appellant for the enforcement of a materialman's lien upon property therein specifically described. Sections 8832 et seq., Code 1923.

[1, 2] The verified statement filed in the probate office, as required by section 8836, Code of 1923, is made exhibit to the bill, and its sufficiency is questioned by some of the assignments of demurrer. It is insisted that this statement fails to show that the materials furnished for the purpose of these improvements were in fact so used. The averments of the complaint are in this respect sufficient, and the omission thereof from the statement filed does not render the same defective, as was held in Cook v. Rome Brick Co., 98 Ala. 409, 12 So. 918; nor is it necessary that such statement contain an itemized list of the items or material furnished. "The statute does not require itemi-

zation." Leftwich Lbr. Co. v. Florence Mut. B. L. & S. Ass'n, 104 Ala. 584, 18 So. 48.

[3] As to the verification of the statement, it is expressly stated that the affiant has personal knowledge of the facts therein set forth, and is sufficient under the former decisions of this court (Leftwich Lbr. Co. v. Florence, etc., Co., supra; Long v. Coal Co., 117 Ala. 587, 23 So. 526), which form has been embodied in the present Code as part of section 8836, supra. Both as to the statement and its verification, complainant has followed the provisions of said section, and they are sufficient.

[4] It is next insisted that the bill was filed prior to the filing of the statement in the probate office, and that it was therefore prematurely filed. This argument is based upon the date appearing upon the bill as of its filing, October 29, 1925, and the averment thereof that within six months of the accrual of indebtedness, and "on, to wit, the 30th day of October, 1925, * * * complainant filed" the said verified statement in the probate office. The averment that the statement was so filed within six months from the date of the accrual of the account was sufficient without giving the exact date thereof, and, indeed, the pleader alleged such date under a videlicit, the purpose of which was to avoid an averment of the exact date (B. R. L. & P. Co. v. Moseley, 164 Ala. 111, 51 So. 424), and the word "filed" in this connection denoted the past tense. The averments of the bill in this respect disclose that the statement as to the dates constitutes a self-correcting error.

It results that the decree of the court below is free from error, and will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.