103 So.2d 730

**B. B. WADE et al.**

v.

**GLENCOE LUMBER COMPANY.**

7 Div. 337.

Supreme Court of Alabama.

June 12, 1958.

Hood, Inzer, Martin & Suttle and Walter
I. Barnes, Gadsden, for appellants.

Lusk, Swann & Burns, Gadsden, for appellee.

COLEMAN, Justice.

Appellee filed its bill of complaint in the Circuit Court, In Equity, to enforce an alleged materialman's lien against "Lots Numbered 28 to 38, both inclusive, in Block Number 6 in Glenwood Addition," according to the record map thereof, said lots being located in the town of Glencoe, in Etowah County, Alabama. The bill alleges that respondents, B. B. Wade and Mary Pauline Wade, are the owners of said lots and that respondent, East Gadsden Bank, a corporation, holds two mortgages on said property. The bill also avers that said mortgages are inferior to the lien claimed by complainant, and prays that the court will so declare in its final decree. To review a decree overruling demurrer to the bill of complaint as last amended, the respondents bring this appeal.

■ Of the 25 grounds of demurrer assigned, appellants argue Grounds 1, 10, 25, 3, 5, and 9. We will consider those grounds adequately argued.

"* * * on an appeal from a decree overruling a demurrer to a bill in equity grounds of demurrer not argued are treated as waived. (Cita-

tion omitted.)" Curjel v. Ash, 263 Ala. 585, 589, 83 So.2d 293, 297; 2A Ala.Dig., Appeal and Error, ☞1078 (3).

### Ground 1.

Ground 1 is: "There is no equity in the bill." Appellants contends that under the allegations of the bill, " * * * the statement filed with the Probate Judge was not sufficient to create a lien in favor of the Complainant and that the bill showing on its face that the Complainant has not perfected its lien, it is wholly without equity."

Section 41, Title 33, Code 1940, requires every person entitled to a lien to file the prescribed statement in the office of the judge of probate, and provides that: " * * * Unless such statement is so filed the lien shall be lost. * * *" This Court said:

"The materialman's lien is of statutory origin, and its attachment and enforcement depend upon a compliance, in all matters of substance, with the provisions of the statute to which it owes its existence. * * *" Gilbert v. Talladega Hardware Co., 195 Ala. 474, 476, 70 So. 660, 661.

Appellants argue that the statement filed " * * * is ineffective because it fails to state that the materials set out in the claim went into and became a part of an improvement on the premises."

We are thus brought to decide whether or not the statement filed was sufficient to establish the lien claimed, or, to state the question another way, does the statement filed show that the materials furnished were in fact used.

A copy of the statement filed by appellee is attached to the amended bill as an Exhibit. In pertinent part the statement recites:

"That said lien is claimed to secure an indebtedness of $3,438.63, with interest thereon from the to-wit: 10th day of May, 1956, for materials and supplies furnished by the said Glencoe Lumber Company for the erection of a residential dwelling on the above property under or by virtue of a contract with the owners or proprietors thereof."

The recital is, in substance, that the lien is claimed to secure an indebtedness " * * * for materials and supplies furnished * * * for the erection of a residential dwelling on the * * * property under * * * a contract with the owners ·* * *."

■ The statement filed does not assert that the materials furnished were ever actually *used* for the erection of a building or for any other·purpose, or indeed that any building was erected at all. If the materials furnished by appellee were in fact used for the erection of a building on the land involved in the suit, the appellee ought not to encounter any substantial difficulty in alleging and proving that fact. The statement filed in the office of the judge of probate is insufficient in that it fails to allege that the materials furnished were used in the erection of an improvement.

■ We have held, however that the failure of the statement to show that the materials were used may be cured by sufficient averments to that effect in the bill. This court has said:

"The verified statement filed in the probate office, as required by section 8836, Code of 1923, is made exhibit to the bill, and its sufficiency is questioned by some of the assignments of demurrer. It is insisted that this statement fails to show that the materials furnished for the purpose of these improvements were in fact so used. The averments of the complaint are in this respect sufficient, and the omission · thereof from the statement filed does not render the same defective

* * *." Powers v. Grayson, **215** Ala. 33, 34, 109 So. 164, 165.

We hereinafter discuss the averments of the bill relating to the use of the materials furnished, and state our reasons for holding that the averments of the bill are also insufficient in this respect. It follows, therefore, that the defect in the statement in the instant case was not cured by the bill.

#### Grounds 10 and 25.

These grounds recite as follows:

"10. The bill does not allege that the materials furnished were used in a building or improvement upon the land described.

"25. The bill fails to allege that the work done or materials furnished went into the property of the Defendants."

The substance of the averments of the bill as to the use of materials is as follows:

"4. That the defendants * * * entered into an original contract with plaintiff whereby plaintiff agreed to furnish * * * defendants with building materials and supplies for the purpose of erecting a * * * dwelling on the * * * property and * * * plaintiff did furnish * * * such building materials * * *."

"5. Plaintiff avers that the defendants * * * are indebted to it * * * for such building materials * * *."

"7. * * *.

" * * * prior to the execution of said mortgages, work had been started on the * * * dwelling erected * * * and * * * plaintiff had furnished * * * materials * * * for the construction of said * * * dwelling * * *.

"Plaintiff avers that * * * said mortgages * * * were given subsequent to the commencement of work on the * * * dwelling erected * * * on the * * * property and subsequent to the time the first item of material was furnished * * * by plaintiff for the construction of said dwelling * * *."

Construing these averments most strongly against the pleader, here again, there is no averment that the materials were used. The averment is merely that they were furnished.

Paragraph 7 of the amended bill does aver that "work had been started on the residential dwelling erected upon the above property." This statement might be sufficient to support an inference that a building had been erected, but is not sufficient to say that the building was erected out of material furnished by appellee or that the material furnished by appellee was used in constructing the building on which a lien is claimed.

The bill says that materials were *furnished* for the purpose of erecting an improvement, but fails to say the materials were *used* for that purpose. In deciding the question here involved, this court has held as follows:

"The bill in this case was filed, by the appellee to enforce a material-man's lien on a building owned by said respondent Robinson, which had been erected by Fred. Jay, contractor. The assignments of error relate to the action of the court in overruling demurrer to the original bill.

"The first insistence is that the bill does not allege, nor do the exhibits show, that the materials furnished were used in the building described. The third section of the amended bill alleges that the material was furnished for the building. This court has said that: 'In actions by which it is sought to declare and enforce the lien given by statute to mechanics, materialmen, and the like, every fact necessary to the creation of the lien must be alleged and proved. This is the general rule of

pleading which is applied with much strictness to this class of actions.' Cook v. Rome Brick Co., 98 Ala. 409, 413, 12 So. 918, 919. We have also held that the lien does not attach to material furnished for the building not used in it, but left lying on the premises after the completion of the building. * * *

"The act of March 4, 1901 (Acts 1900–01, p. 2115), provides for the enforcement of the lien, where two or more buildings are erected under a general contract; and this court in commenting on that act said: 'Prior to this statute, in order to acquire a lien, the particular goods must have been furnished for the erection of the particular building on which the lien is sought, and, to secure the benefits of the lien, it was necessary to allege and prove that each piece of material so furnished was actually used upon the particular building so designated.' Cocciola et al. v. Wood-Dickerson Supply Co., 136 Ala. 532, 33 So. 856. In that case the bill alleged that the material was purchased for the building '*and so used*' (italics supplied), so that, taking the statement of the court in connection with the statute in question, we hold that this case, in connection with the others cited, is authority for the principle that 'it must be alleged and proved' that the material was actually used upon the particular building, where there is but one, and on the particular building (sic, buildings), where there is a contract for more than one building. Consequently this ground of demurrer was well taken." Robinson v. Crotwell Brothers Lumber Co., 167 Ala. 566, 567, 568, 569, 52 So. 733, 734.

Following the last cited case, we conclude that the court below erred in overruling Grounds 10 and 25 of the demurrer in the instant case.

Appellee argues that because the demurrer is joint, it must be good as to each demurrant, or it will be bad as to each, and that the demurrer as to the East Gadsden Bank is not well taken and was properly overruled.

We do not agree. If the materials furnished by appellee were merely furnished, but were not used in the construction of the building, certainly appellee is not entitled to a lien against either the Wades or the Bank. For the lien to attach, the materials must become a part of or be used in the construction of an improvement. We have said:

"The general rule on this subject seems to be well settled. 'In order to establish a mechanic's lien, it is usually necessary that the materials furnished or labor performed should have gone into something which has attached to and become a part of the realty, and has added substantially to the value thereof.' 27 Cyc. 31, A. 1; Rockel on Mech.Liens, § 14. * * *" Forbes v. Alabama Machinery & Supply Co., 176 Ala. 423, 427, 428, 58 So. 398, 399.

The averments of the bill fail to show that the materials furnished were used. In that situation, appellee would not have a right to a lien against either the owners or the mortgagee. Grounds 10 and 25 were well taken by the Bank as well as by the owners.

### Ground 3.

Ground 3 is as follows:

"3. The bill shows (sic, does) not show what specified lot, or lots, the materials were used on."

In pertinent part, § 37, Title 33, Code 1940, recites:

"Every * * * corporation who shall * * * furnish any material * * * shall have a lien * * * on the land * * * to the extent * * * in area of the entire lot or *parcel* of land in a city, town or village * * *." (Emphasis supplied.)

The amended bill avers that the land herein question is "located in the Town of Glen-

coe." The lots are described by number, and block, according to the recorded map, and on its face the description is sufficient.

Appellants argue " * * * that for Complainant to be entitled to a lien on either of the eleven lots he must allege which one the improvement is located on and for the Complainant to be entitled to a lien on all of the eleven lots there must be an allegation that the improvement is situated on each of them."

At this time we are concerned only with the averments in the bill. The bill describes the lots and asserts that they constitute "one parcel of land." Paragraph 4 of the amended bill asserts that the owners entered into a contract whereby the complainant-appellee agreed to furnish appellants with materials for the purpose of erecting a dwelling "on the above described property * * *."

Part of the relief prayed for is that the court will decree that complainant is entitled to a lien "upon the property herein described * * *."

We think the bill does sufficiently show "what specified lot, or lots," the pleader intended. With what the proof may show as to the location of the building on one or all of the lots embraced in the description, and the rights of appellee resulting from such proof, we are not here concerned. The description of the property is sufficient and Ground 3 of the demurrer is not well taken.

In Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 161, 115 So. 90, 91, in considering the sufficiency of a description against demurrer, this court said:

"The averment that the lien is sought to be enforced upon the several lots specifically indicated as being in a city, town, or village, indicated and described as 'contiguous or adjacent,' is in the language of the statute and is sufficient. * * *"

Tanner v. Foley Bldg. & Mfg. Co., 254 Ala. 476, 48 So.2d 785, 786, cited by appellants, holds nothing contrary to our conclusion in the case at bar. In the Tanner case, supra, the lien was claimed on 3.44 acres of land " * * * not within a city, town or village * * *." In the instant case, the land is alleged to be within the Town of Glencoe.

Grounds 5 and 9.

These grounds are as follows:

"5. The bill does not show when the work on the improvement actually began.

"9. The bill does not sufficiently allege when the work commenced."

In support of Grounds 5 and 9, appellants argue that " * * * the bill appears to be defective in not alleging that at the time the Respondent Bank's mortgage was executed that work of a substantial and conspicuous nature had been done, i. e., it fails to allege that the mortgage was executed subsequent to the 'commencement of work on the building or improvement.'"

We have examined the original record in Grimsley v. First Ave. Coal & Lumber Co., supra. In that case, appellant Grimsley held certain second mortgages on property involved in the suit. Grimsley contended that under the allegations of the bill, his mortgages were not inferior to the materialman's lien because the bill did not show that he had notice of the furnishing of materials by the materialman. Ground 41 of Grimsley's demurrer to the bill in that case recites as follows:

"41. For aught that appears on the face of the Bill the Complainant gave no notice to this Respondent of its intention to furnish building materials to said Rimer and Vickery for the erection or construction of building or other improvements on the land upon which the lien is sought to be impressed."

The trial court overruled Grimsley's demurrer and on appeal this ruling was af-

firmed. The report of that case sets out paragraph 3 of the bill of complaint, which states the date when the materialman began to furnish materials. We find in the record that paragraph 6 of the bill in that case, stated, inter alia: " * * * that subsequent to the commencement of the work on each of said dwelling houses the said Rimer and Vickrey executed a second mortgage to the respondent A. M. Grimsley on each of said lots * * *."

From the opinion it appears that this was held to be sufficient allegation of notice to Grimsley. In pertinent part, we said:

"In this jurisdiction it is declared that the mechanic's lien attaches and has priority over mortgages and other incumbrances given or recorded and attaching after the building or improvement was commenced. * * *.

* * * * * *

"And in Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826, it is declared that the commencement of work upon the improvement is 'a matter open to the observation of all, is fixed as the event and the time, *when third persons are charged with notice* that, on compliance with the terms of the statute, liens will accrue against the building in favor of those whose labor and material bring it into being.'" 217 Ala. 162, 115 So. 92.

In the instant case, the bill alleges in pertinent part as follows:

"Plaintiff avers that the said mortgages given by the defendants B. B. Wade and Mary Pauline Wade to said defendant East Gadsden Bank were given subsequent to the commencement of work on the residential dwelling erected by the defendants B. B. Wade and Mary Pauline Wade on the above described property and subsequent to the time the first item of material was furnished said defendants B. B. Wade and Mary Pauline Wade by plaintiff for the construction of said dwelling, and that the lien claimed by plaintiff on the above described property and improvements erected thereon is superior to the lien of the mortgages given by the defendants B. B. Wade and Mary Pauline Wade to the defendant East Gadsden Bank."

With respect to the argument of appellants as to the allegation of notice to the mortgagee, East Gadsden Bank, we are of opinion that the averment of the bill which states that the mortgages " * * * were given subsequent to the commencement of work * * *" is a sufficient averment of notice and that Grounds 5 and 9 of demurrer were correctly overruled.

Whether the work done was actually of a conspicuous character sufficient to put the mortgagee on notice is a matter of proof not now before us.

The decree of the trial court overruling the demurrer is reversed and one here rendered sustaining the demurrer. The cause is remanded for further proceedings.

Reversed, rendered, and remanded with leave to appellee to amend within thirty days from the date on which the decree of this court reaches the Register of the Circuit Court of Etowah County.

Reversed, rendered, and remanded.

All the Justices concur except LIVINGSTON, C. J., who dissents.