304 So.2d 12

**LOWE'S OF MUSCLE SHOALS, INC.,**
**a corporation**

v.

**William R. DILLARD et al.**

**Civ. 433.**

Court of Civil Appeals of Alabama.

Nov. 20, 1974.

Peck, Burdine & McKelvey, Florence, for appellant.

Harold V. Hughston, Tuscumbia, for appellees.

WRIGHT, Presiding Judge.

Suit was filed to establish judgment and a materialman's lien upon real estate in the amount of $3,766.50 with interest. Defendant filed motion to dismiss. Motion was granted dismissing the claim for a lien and dismissing Walker Lumber Co., Inc. from the suit. Plaintiff appeals. We reverse.

Verified complaint was filed by plaintiff on June 14, 1973. After jurisdictional averments the complaint alleged that plaintiff entered into a contract with defendants Dillard to furnish materials for the construction of a building on described property in Colbert County; that defendants Dillard were the owners of said property; that pursuant to the contract, plaintiff, beginning October 25, 1972, and ending November 30, 1972, did furnish materials to build the building located on the described property; the price of materials furnished was $3,766.50 after all credits and set-offs and such sum became due on December 30, 1972, and is unpaid; on March 26, 1973, the Dillards conveyed the property to defendant Walker Lumber Co., Inc.; on May 23, 1973, a verified statement of lien was filed in the office of the Judge of Probate of Colbert County, Alabama; a copy of the statement is attached to the complaint as Exhibit A. The prayer was for judgment and declaration of a lien upon the property. The statement of lien was in substantially the form as set out in Title 33, Sec. 41, Code of Alabama 1940. It claimed a lien "for labor and materials."

Defendants' motion to dismiss was filed July 5, 1973, and contained six grounds. The primary ground was that the complaint failed to state a claim upon which relief could be granted. Four reasons were stated why relief could not be granted. First, the lien filed failed to state that plaintiff furnished or delivered materials to the property. Second, the lien failed to state that materials furnished were used in construction of buildings on the property. Third, the complaint failed to allege that materials furnished were used in construction of buildings on the property. Fourth, time for amending the defects in the lien had expired.

On June 20, 1974, the court entered its ruling on the motion to dismiss. The order, as pertinent, was as follows:

"[T]he Court upon reviewing the matter, is of the opinion that the verified statement of lien filed in the office of the Judge of Probate is defective and insufficient and that the defective statement being not cured by an allegation in complainant's bill, and further that the statute of limitations having run on the verified statement with no amendment being filed, complainant's prayer for a lien should be denied and complainant's motion to dismiss granted as to the lien.

"And the Court also being of the opinion that respondent, Walker Lumber Company, Inc., a Corporation, not being a party to the original agreement transaction but being a subsequent purchaser of the property, the motion is due to be granted and the cause dismissed as to Walker Lumber Company, Inc., a Corporation, both as to the lien and to the alleged debt.

"IT IS THEREFORE ORDERED that respondent's motion is granted and the cause dismissed as to Walker Lumber Company, Inc., a Corporation. And respondent's motion to dismiss as respects the lien claimed by complainant by respondent, William R. and Alyce Dillard, but only as to the lien, is dismissed."

It appears from the language of the order of dismissal that the trial court considered that the statement of lien filed in the probate office was defective for failure to allege that materials furnished were used in buildings or improvements to the real estate described. It further appears that the court considered such defect curable by the inclusion of such allegation in the complaint, or that such defect could be cured by amendment to the statement of lien if made within six months from the date of furnishing last materials.

We think the trial court was in error in considering the statement of lien defective for failure to allege the materials furnished were used in improvements. We are reasonably certain that the court's conclusion of law was founded upon the decision of the Supreme Court of Alabama in the case of Wade v. Glencoe Lumber Co., 267 Ala. 530, 103 So.2d 730. That case does say as follows:

"The statement filed in the office of the judge of probate is insufficient in that it fails to allege that the materials furnished were used in the erection of an improvement."

There is no citation of authority for that statement in the opinion. There immediately follows in the decision a quotation from the case of Powers v. Grayson, 215 Ala. 33, 109 So. 164. That quotation is as follows:

"The verified statement filed in the probate office, as required by section 8836, Code of 1923, is made exhibit to the bill, and its sufficiency is questioned by some of the assignments of demurrer.

It is insisted that this statement fails to show that the materials furnished for the purpose of these improvements were in fact so used. The averments of the complaint are in this respect sufficient, and the omission thereof from the statement filed does not render the same defective * * *."

It is clear that if the statement in Wade v. Glencoe Lumber Co., supra, was founded upon the above statement from Powers v. Grayson, supra, there was a misunderstanding of Powers. Powers says just the opposite from what is said in Wade. The demurrer considered in Powers was to the bill of complaint and to the attached statement of lien. The sufficiency of the statement of lien was attacked because it failed to allege use of materials furnished. In response to such attack, the court said such omission from the statement filed does not render it defective. All that is necessary to enforcement is that the bill of complaint make such allegation. The statement of Powers is made conclusive when there is considered that part omitted from the quotation in Wade. The omitted part, added to the last sentence with our emphasis, is as follows:

"The averments of the complaint are in this respect sufficient, and the omission thereof from the statement filed does not render the same defective, as was held in Cook v. Rome Brick Co., 98 Ala. 409, 12 So. 918."

The holding referred to in Cook v. Rome Brick Co., supra, is as follows:

"And so with respect to the fact that the materials are supplied for the purpose of being used in the erection or betterment of a certain building. This must be alleged in the complaint and proved, but it is not by the terms of the statute, required to appear in the statement filed for record with the probate judge. Code, § 3022." (Emphasis ours.)

We find ourselves with a decision in Wade, based upon Powers, decided upon authority of Cook. The decision is con-

trary to the authority it relies upon. Confronted with such a dilemma, we recognize we cannot overrule *Wade* and are bound to follow the most recent decision of the Supreme Court. Jones v. City of Huntsville, 288 Ala. 242, 259 So.2d 288. However, we feel constrained to point out the clear conflict in the decisions of that court. The error in *Wade* has been continued by its citation as authority in the cases of Nelson Weaver Mortgage Co. v. Dover Elevator Co., 283 Ala. 324, 216 So.2d 716 and Guaranty Pest Con., Inc. v. Commercial Inv. & Dev. Corp., 288 Ala. 604, 264 So.2d 163. We are further constrained to observe that the cases of *Powers* and *Cook* conform to the purpose of the statute, which is to give notice to purchasers and creditors of the property owners. Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266. As pointed out in *Cook,* the form for the statement to be filed does not require that the statement contain all allegations which must be subsequently alleged in the complaint and supported by proof.

■ Though we state error in the trial court's conclusion of law that the statement of lien filed in the probate office by plaintiff was defective and insufficient, we do not reverse for that error. We find the trial court in error in other aspects of its ruling on the motion to dismiss. We find error in the finding in the order of dismissal that the defect of the statement filed was not cured by allegations of the complaint. In paragraph 4 of the complaint the following allegation is made:

"Under and by virtue of the above stated agreement, the complainant did furnish materials, to the respondents, William R. Dillard and Alyce Dillard, beginning on to-wit: October 25, 1972 and the last materials being furnished on, to-wit: November 30, 1972, to build said building which is located on the property described herein, and the price for the materials for said building . . . is due and unpaid for materials furnished to build said building as aforesaid."

■■ Upon reading this pleading it is evident that the literal allegation that the materials furnished were *used* in constructing the building on the property is not present. When tested by the hypertechnical common-law demurrer, allegations similar to those contained in plaintiff's complaint have been held insufficient. Wade v. Glencoe Lumber Co., *supra*; Cook v. Rome Brick Co., *supra*; Powers v. Grayson, *supra*. These cases hold that the specific allegation that the materials furnished were used in construction is required because the averments of the complaint must be construed most strongly against the pleader when tested by demurrer. The common law rule of strict construction against the pleader has been abolished by the Rules of Civil Procedure as exemplified specifically by Rule 8 and particularly by Rule 8(f). Rule 8(f) provides that the pleadings are to be construed liberally in favor of the pleader. Construction of all pleadings so as to do substantial justice is particularly appropriate when considering a motion to dismiss for failure to state a claim upon which relief may be granted. Mr. Justice Black said in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . .

". . . The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the

purpose of pleading is to facilitate a proper decision on the merits."

■ The comments of Mr. Justice Black are appropriate to the construction of Rule 8 and the entire Rules of Civil Procedure of Alabama. When the legislature adopts a federal statute, it adopts also the construction which the federal courts have placed on the statute. Ex parte Huguley Water System, 282 Ala. 633, 213 So.2d 799.

■ It is evident from the allegations of the complaint in this case that fair notice was given to defendant that plaintiff was claiming a lien upon real estate for materials furnished which went into the construction of a building thereon. Fair notice of the basis of the claim filed is all that is required by the Alabama Rules of Practice. The complaint is sufficient as against a motion to dismiss filed under Rule 12(b)(6).

■ Even under the strict rules of common law pleading, dismissal of the complaint as to the lien was improper. Though the complaint may have been subject to demurrer, such would not warrant a dismissal. Sustaining of demurrer ordinarily did not prevent proper amendment. It appears by its ruling, the trial court confused the right to amend the statement of lien with the right to amend the complaint. Though the time for amending the statement had expired at the time of the court's order, there remained opportunity and the right to amend the complaint. If the complaint could cure defects in the statement, an amended complaint, relating back to the original complaint, could equally cure such defect. Title 7, Sec. 239, Code of Alabama 1940. Though finding error in overruling of demurrer, Wade v. Glencoe Lumber Co. remanded with right of amendment. In its ruling on motion to dismiss the trial court was even more severe upon the pleader than it could have been had it sustained demurrer under our former rules of pleading. Summation of error requires us to reverse.

It follows that the court erred in dismissing from the suit, Walker Lumber Co.

■ A materialman's lien attaches at the time the work on the building commences and it is not defeated by a subsequent sale of the property, provided the lien is perfected as provided by statute. Lily Flagg Bldg. Supply Co. v. J. M. Medlin & Co., 285 Ala. 402, 232 So.2d 643. The owner of the property at the commencement of suit is a necessary party defendant. Bain v. Mazel, 275 Ala. 531, 156 So.2d 624.

For error in its order of dismissal dated June 20, 1974, said order is reversed and set aside. The cause is remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.