Appellant, Winn-Dixie Montgomery, Inc., appeals from a jury verdict of $14,000 in favor of appellee, Bobby Henderson, and from a denial of its motion for new trial in a fraud suit. We reverse and remand.
Appellee, Henderson, filed suit against Winn-Dixie Stores, Inc., Employees Profit Sharing Program of Winn-Dixie Stores, Inc., and Atlantic National Bank of Jacksonville claiming, interalia, breach of contract because he claimed that these defendants owed him his share of the proceeds and dividends of a profit-sharing plan since he had been forced to terminate his employment without being paid his share. Henderson thereafter amended his complaint, striking Winn-Dixie Stores, Inc., and substituting Winn-Dixie Montgomery, Inc., as a defendant. The trial court struck Employees Profit Sharing Program of Winn-Dixie Stores, Inc. as a defendant. Defendant Atlantic National Bank of Jacksonville was also struck. This left the appellant Winn-Dixie as the sole defendant.
Henderson's second amendment to his complaint added Counts FOUR and FIVE:
 "COUNT FOUR
"1. On to-wit, November 1973, to-wit, January, 1974 and divers other occasions during 1973 and 1974, the Defendant Winn-Dixie Montgomery, Inc., hereinafter referred to as Winn-Dixie, through its agents, servants, or employees, with the intent to deceive fraudulently deceived the Plaintiff, an employee of Winn-Dixie, by fraudulently and falsely stating to the Plaintiff that he would be transferred to the Winn-Dixie-Kwik-Chek store in Enterprise, Alabama. The Plaintiff further avers that at each time the Defendant Winn-Dixie, through its agents, servants, or employees, promised the Plaintiff a transfer to the Enterprise, Alabama, store, that the Defendant, Winn-Dixie, made said promise with the intent not to perform it, and with the intent not to transfer the Plaintiff. The Plaintiff avers that the Defendant Winn-Dixie, its agents, servants, or employees had no intention of transferring Plaintiff at the time the Defendant Winn-Dixie made the statement, or at any other time at which the Defendant Winn-Dixie promised and reassured the Plaintiff that he would be transferred.
"2. The Plaintiff further avers that he relied upon said false and fraudulent misrepresentations of the Defendant Winn-Dixie, and that the Plaintiff was fraudulently induced and deceived thereby, and the Plaintiff was further induced thereby to arrange a mortgage with the Enterprise Banking Company in order that his wife could buy a beauty shop in Enterprise, Alabama. The Plaintiff further avers that through no fault of his own that the Defendant Winn-Dixie did not transfer the Plaintiff to the Enterprise, Alabama Winn-Dixie-Kwik-Chek store and he avers that as a proximate consequence of the Defendant Winn-Dixie's aforesaid fraudulent and false misrepresentations which were known by the Defendant Winn-Dixie to be false at the time the promise to transfer was made, and which promises and reassurances were made with the intent to deceive the Plaintiff and the Plaintiff's said reliance and said acting thereon, the Plaintiff was injured in this:
"He was caused to suffer great humiliation and professional embarrassment; he was caused to lose profitable employment; he was caused to suffer mental anguish as a consequence of the Defendant Winn-Dixie's aforesaid actions for which he claims the damages.
"WHEREFORE, Plaintiff demands judgment against Defendant Winn-Dixie in the sum of Fifty Thousand ($50,000.00) Dollars, interest and cost. The Plaintiff claims punitive damages.
 "COUNT FIVE
"1. The Plaintiff claims of the Defendant Winn-Dixie Montgomery, Inc., hereinafter referred to as Winn-Dixie, the sum of Fifty Thousand ($50,000.00) Dollars damages, for that on to-wit: November, 1973, the Plaintiff, an employee in the Defendant Winn-Dixie's Dothan, Alabama, store, asked the Defendant Winn-Dixie, to transfer him *Page 1382 
to the Defendant Winn-Dixie's store in Enterprise, Alabama. The Plaintiff avers that the reason for the transfer was that the Plaintiff's wife desired to purchase a beauty shop in Enterprise, Alabama. The Defendant Winn-Dixie, during the month of November, 1973, and on divers days after that date, represented to the Plaintiff that he would be transferred as requested to the Defendant Winn-Dixie's Enterprise, Alabama, store.
"2. That the said representations to transfer were false, and were known to Defendant Winn-Dixie, at the times they were made to be false, that they were made willfully to deceive, or recklessly without knowledge, and that such representations were relied upon by Plaintiff and acted upon in that Plaintiff and his wife executed a mortgage to the Enterprise Banking Company in order that the Plaintiff's wife might purchase a beauty shop, and that the Plaintiff was never granted the transfer as represented by the Defendant Winn-Dixie, all to the damage of the Plaintiff.
"The Plaintiff was injured in this:
"He was caused to suffer great humiliation and professional embarrassment; he was caused to lose profitable employment; he was caused to suffer mental anguish as a consequence of the Defendant Winn-Dixie's aforesaid actions for which he claims the damages.
"WHEREFORE, Plaintiff demands judgment against the Defendant Winn-Dixie in the sum of Fifty Thousand ($50,000.00) Dollars, interest and cost. The Plaintiff claims punitive damages."
The case proceeded to trial on the issues of fraud and breach of contract. At the close of the evidence, the trial court granted a directed verdict for appellant on the contract aspect. The case went to the jury on Counts FOUR and FIVE. The jury found for appellee and returned a $14,000 verdict. Both parties agree that the verdict included punitive damages.
Appellant Winn-Dixie contends that Counts FOUR and FIVE of appellee Henderson's amended complaint, supra, which are allegedly fraud counts, are actually claims for breach of contract and, therefore, punitive damages were erroneously assessed; and that the verdict is excessive.
Winn-Dixie also contends that Count FOUR is based upon Tit. 7, §§ 110-112, Code of Alabama 1940 (now § 6-5-103-104 Code of 1975) and is insufficient in that there is no evidence that its alleged promise to transfer Henderson was made with the present intent not to perform it. If, however, Count FOUR is found to be based upon Tit. 7, § 108 (now § 6-5-101) (as Henderson contends) Winn-Dixie maintains the Count is still not actionable as it involves a future occurrence and not an existing material fact.
Further, Winn-Dixie contends that Count FIVE is predicated upon Tit. 7, § 108, and is likewise insufficient in that the alleged promise does not pertain to an existing material fact but instead concerns a future event. Therefore, Winn-Dixie argues, the trial court erred in refusing to grant its motions for directed verdict and new trial on Counts FOUR and FIVE of the amended complaint.
It seems clear that Winn-Dixie's argument that the complaint sounds in contract rather than in tort is without merit. The terms of the complaint plainly allege an action for fraud and, or deceit and, or misrepresentation. This is particularly true since this Court adopted the liberal policy of pleading. See Rule 8, A.R.C.P. The common law rule of strict construction against the pleader has been abolished by the rules of civil procedure as exemplified specifically by this rule and particularly by subdivision (f). Lowe's Of Muscle Shoals, Inc. v. Dillard,53 Ala. App. 669, 304 So.2d 12 (1974).
We do agree with appellant Winn-Dixie, however, that we must reverse and remand this cause because the evidence does not justify the award of punitive damages.
Assuming, arguendo, that Count FOUR of the amended complaint is based upon Tit. 7, § 108, and assuming further that this Count alleges the misrepresentation of an existing material fact rather than a future *Page 1383 
occurrence [See Scholz Homes, Inc. v. Hooper, 287 Ala. 628,254 So.2d 328 (1971)], our conclusion would be the same.
Tit. 7, § 108, Code, states:
 "§ 108. (8049) (4298) Misrepresentations. —
Misrepresentations of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud."
The elements of a cause of action sufficient to constitute legal fraud under this section were recently enumerated inInternational Resorts, Inc., et al. v. Lambert, 350 So.2d 391
(Ala. 1977), viz:
 ". . . Regardless of whether the representations were made wilfully, recklessly or mistakenly, it has been held that there must be (1) a false representation, (2) the false representation must concern a material existing fact, (3) the plaintiff must rely upon that false representation, and (4) the plaintiff must be damaged as a proximate result."
Id. at 394.
The evidence adduced at trial establishes, at most, that a misrepresentation was "made by mistake and innocently," which is, of course, actionable under this statute. However, it is clear that such an innocent misrepresentation will not support an award of punitive damages. An award of punitive damages in an action for fraud will be upheld only if there is evidence from which the jury can conclude that the fraud was malicious, oppressive, or gross, and the representations were made with knowledge of their falsity. Old Southern Life Insurance Company v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976); Hall Motor Company v. Furman, 285 Ala. 499, 234 So.2d 37 (1970). See also State Farm Mutual AutomobileInsurance Company v. Ling, 348 So.2d 472 (Ala. 1977).
The imposition of punitive damages in cases of fraud and deceit is discretionary with the jury, acting with regard to the enormity of the wrong and the necessity of preventing similar wrongs. International Resorts, Inc. v. Lambert, supra; OldSouthern Life Insurance Company v. Woodall, supra.
 ". . . Our cases have uniformly held that punitive damages may be awarded in actions for fraud, if there is evidence from which the jury can conclude that the fraud was malicious, oppressive, or gross, and the representations were made with knowledge of their falsity."
Old Southern Life, supra.
 "If the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly. This being so, punitive damages could be recovered under Count 5, even though it be considered as framed under Section 108, if the count properly averred, and the evidence established that the material misrepresentation was made knowingly and falsely, was relied on by the injured party, and the fraud was gross, malicious, oppressive, and committed with an intent to injure."
Hall Motor Company, supra.
Although there was testimony, from which the jury might conclude that Winn-Dixie's area supervisor, Jimmy Lott, misrepresented to Henderson that he would be transferred to another store, Henderson himself testified that he knew of no reason why Mr. Lott would maliciously tell him he would be transferred and then refuse to do so. Moreover, Henderson testified that his working relationship with the store continued to be good after this incident. We think the evidence falls far short of establishing the requisite maliciousness, oppressiveness, or grossness necessary to support an award of punitive damages.
Therefore, we hold that it was reversible error to allow the jury to impose punitive damages in this case.
Appellee earnestly contends that Loch Ridge ConstructionCompany, Inc. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973), "is similar to the case at bar." We cannot agree. The evidence adduced in Loch Ridge established a much stronger case for the award of punitive damages. There, home buyers *Page 1384 
brought an action against the home builder and selling agent for alleged fraudulent misrepresentation that the house met Veteran's Administration and Federal Housing Authority standards, that it had been inspected by the V.A., and that it would be in perfect condition when they moved in. In fact, the house they purchased was an amalgam of mistakes: defects in the air conditioning and heating units could only be corrected by the installation of new systems; the attic was improperly insulated; and, although the house plans called for panelling in the kitchen, a stainless steel sink, and a louver to be installed in the rear of the house, none of these items were installed.
We think the evidence there justified an award of punitive damages for a jury clearly could find maliciousness and an intent to deceive. In this case, by contrast, such damaging testimony is not present.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.