I respectfully dissent.
Although I agree an objective, litmus paper approach to the definition of "new" car is not proper, I do believe it necessary to examine what defendants thought was a "new" car. Punitive damages are not proper in a fraud case unless the misrepresentation *Page 861 
is not only intentional, but also gross, malicious, and oppressive. Proctor Agency, Inc. v. Anderson, 358 So.2d 164
(Ala. 1978). Punitive damages are not recoverable for an innocent misrepresentation. Winn Dixie Montgomery, Inc. v.Henderson, 353 So.2d 1380 (Ala. 1978). If appellants actually believed they were selling a "new" car, at most the misrepresentation was innocent and punitive damages are inappropriate.
The record is replete with uncontradicted testimony directly supporting appellant's contention that, at least from their perspective, the car was "new". Appellee's own witness, an expert in the field, testified the car was "new" at the time of purchase. Other witnesses testified the car was "new" as the term is used in the automobile industry. The car had no previous owner and had only been driven seventy miles when sold to appellee. Although repairs were made to the automobile, the custom and practice of the industry in 1974 was to not disclose ordinary predelivery repairs to "new" cars. Appellee's expert witness testified the repairs made to the car were more extensive than usual, but they were not extraordinary.
From the unrefuted evidence, the jury could only conclude appellant did not intend to deceive appellee when appellant's salesman sold as "new" a car having repairs and new paint. I recognize it is within the province of the jury to find intentional conduct in cases of fraud, and I am reluctant to usurp the function of the jury. A jury, however, has no untrammeled discretion to speculate on the existence of fraudulent intent. Universal Brokers, Inc. v. Higdon,56 Ala. App. 184, 320 So.2d 690 (1975). Any finding on the issue must be based on reasonable inferences from the evidence, and intent to defraud must be clearly proved by a preponderance of the evidence. Id. Even when viewed in light most favorable to appellee, the evidence does not support a jury finding of fraudulent intent. I would affirm the compensatory award and reverse on the issue of punitive damages.