The plaintiff, Harry Shaddix, appeals from the dismissal of his fraud action against the defendants, United Insurance Company of America ("United") and its regional manager. We reverse and remand.
Our supreme court has transferred this case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
In his complaint, Shaddix alleged that while he worked for United, certain company employees "induced [him] intocontinuing his employment with United by representing to [him] that he would be taken care of as to his job and that he would be given relief as to policy lapses that had been charged to his commission reserves account." (Emphasis added.) Shaddix further alleged that United and its employees suppressed the fact that many or all of the lapsed insurance policies that were charged to his commission reserve account could have been lapsed so that they would not have affected his reserve account. He alleged that the misrepresentations and suppression were intentional, and that because of his reliance upon what he was told "he continued his employment with United and was thereby caused to suffer emotional distress and mental anguish." (Emphasis added.)
The trial court held that because Shaddix was an employee-at-will, he suffered no actionable injury as a result of relying on the alleged false representations or as a result of the suppression of facts. Shaddix argues that the employment-at-will doctrine is not applicable to this case, and, therefore, that the trial court erred in dismissing his lawsuit.
A dismissal governed by Rule 12(b)(6), Ala.R.Civ.P., should be granted sparingly, and is properly granted only when it appears beyond a doubt that the plaintiff cannot prove any set of facts which would entitle him or her to relief. Garrett v.Hadden, 495 So.2d 616, 617 (Ala. 1986). Upon review of a dismissal, the appellate court must examine the allegations contained in the complaint and construe them so as to resolve all doubts relating to the sufficiency of the complaint in favor of the plaintiff. Fontenot v. Bramlett, 470 So.2d 669,671 (Ala. 1985). The court must then determine whether the plaintiff could prove any set of circumstances which would entitle him or her to relief under some cognizable theory of law. Dawson v. Bank Independent, 602 So.2d 351 (Ala. 1992);Rice v. United Ins. Co. of America, 465 So.2d 1100 (Ala. 1984). In so doing, the appellate court does not consider whether the plaintiff will ultimately prevail, but only whether he or she has stated a claim under which he or she may possibly prevail.Fontenot, 470 So.2d at 671.
Shaddix's complaint clearly alleges damages resulting from misrepresentations that, he says, induced him tocontinue his employment to his detriment. Shaddix claims damages for emotional distress because, he says, he continued to work for United as a result of the alleged misrepresentations and suppression when he otherwise would have left its employ. The employment-at-will *Page 1099 
doctrine provides "that an employment contract terminable at the will of either the employer or the employee may be terminated by either party at any time with or without cause."Grant v. Butler, 590 So.2d 254, 256 (Ala. 1991). In Salter v.Alfa Ins. Co., 561 So.2d 1050 (Ala. 1990), relied upon by United and the trial court, our supreme court affirmed a summary judgment entered against an employee-at-will who sued for wrongful termination and fraud. The court stated:
 "[Even if] Alfa had based the termination of [the plaintiff's] contract on her failure to cooperate in the investigation, the fraud claim would still fail. . . . Alfa had the right under the employee-at-will doctrine to terminate Salter's contract, even if it did so maliciously or for some other improper reason."
561 So.2d at 1054. In this case, however, Shaddix's employment was not terminated, he does not allege wrongful termination or any damages resulting therefrom, and he does not attempt to state a cause of action for breach of contract. Shaddix complains only that United's alleged misrepresentations and suppressed facts regarding its future conduct were false, i.e., he alleges promissory fraud.
The elements necessary to establish a cause of action for promissory fraud are as follows:
 "(1) that the defendant made a false representation of a material fact; (2) that the false representation was relied upon by the plaintiff; (3) that the plaintiff was damaged as a proximate result of the reliance; (4) that the representation was made with a present intent to deceive; and (5) that when the representation was made the defendant intended not to perform in accordance with it."
Howard v. Wolff Broadcasting Corp., 611 So.2d 307, 311 (Ala. 1992), cert. denied, 507 U.S. 1031, 113 S.Ct. 1849,123 L.Ed.2d 473 (1993) (emphasis in Howard).[1] After reviewing Shaddix's complaint, we conclude that he conceivably could have proved a set of circumstances that would have entitled him to relief, and he should have been allowed to proceed with his lawsuit.
Our supreme court has allowed other employees-at-will to maintain actions for fraud. In Winn-Dixie Montgomery, Inc. v.Henderson, 353 So.2d 1380 (Ala. 1977), the court reversed a judgment based on a verdict for the plaintiff in his fraud action against his employer only because the jury was allowed to award punitive damages. United argues that Winn-Dixie does not apply, because the employment-at-will doctrine was not an issue in that case. We believe Winn-Dixie provides guidance here precisely because the employee's at-will status did not affect his ability to pursue his fraud claims against his employer. Henderson alleged that Winn-Dixie's misrepresentation to him that he would be transferred to another store resulted in damages to him. Like Shaddix, Henderson was clearly an employee-at-will and was not terminated from his employment, but continued to work in reliance upon the company's promise regarding its future conduct. Even though the judgment was reversed on the punitive damages issue, the court held that Henderson's complaint plainly alleged an action for fraud, deceit, and/or misrepresentation. In Kidder v. AmSouth Bank,N.A., 639 So.2d 1361 (Ala. 1994), and Smith v. Reynolds MetalsCo., 497 So.2d 93 (Ala. 1986), the plaintiffs were allowed to maintain actions alleging fraud in the inducement of their employment, even though their breach of contract claims were disallowed because they were employees-at-will. See also Forbusv. Sears Roebuck Co., 958 F.2d 1036, 1042-43 (11th Cir. 1992), cert. denied, 506 U.S. 955, 113 S.Ct. 412,121 L.Ed.2d 336 (1993), in which the Eleventh Circuit held that Alabama law would allow employees-at-will who had retired early from their jobs, but who had not been fired, to maintain an action against their employer for fraudulent misrepresentations and suppression of material facts. *Page 1100 
United interprets Alabama law to provide that an employee-at-will cannot maintain any action alleging fraud or misrepresentation against his or her employer. We reject that interpretation.[2] Any other result would allow Alabama's employers to defraud their employees with impunity, relying upon the employment-at-will doctrine to provide them with virtual immunity in actions arising within the scope of the employment contract.
After reviewing the allegations of Shaddix's complaint, and construing them in his favor, we conclude that, apart from any connection with his employee-at-will status, Shaddix could have maintained a cause of action for promissory fraud with resulting injury to himself. The employee-at-will doctrine is not applicable in this case, and, therefore, the trial court erred in relying upon the law relative to terminations of employees-at-will in dismissing this case. The judgment dismissing the complaint is reversed, and the cause is remanded for further proceedings.
Shaddix's request for an "award of costs" is denied.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
All the judges concur.
[1] Although the summary judgment on the plaintiff's promissory fraud claim was affirmed in Howard, our supreme court did not hold that the plaintiff would not have been able to sustain a cause of action for promissory fraud because she was an employee-at-will. See also Campisi v. Scoles Cadillac, Inc.,611 So.2d 296, 300 (Ala. 1992).
[2] United relies heavily on Stutts v. Sears, Roebuck Co.,855 F. Supp. 1574 (N.D.Ala. 1994), also relied upon by the trial court. In Stutts, the United States District Court for the Northern District of Alabama held that employment-at-will raises a barrier to a fraud action by any such employee because he or she cannot show injury from changes in employment. Stutts
is not binding on this court, and we disagree with its conclusion in that regard. We note that the employee in Stutts
also alleged promissory fraud, a claim the court denied on its merits rather than because of the employee's at-will status.