HOOPER, Chief Justice
(dissenting):
I must respectfully dissent.
Harry Shaddix sued United Insurance Company of America and its regional manager, George McDonald, alleging fraud. In support of his fraud claim, Shaddix alleged in his complaint that “United induced Shaddix into continuing his employment with United by representing to Shaddix that he would be *1101 taken care of as to his job and that he would be given relief as to policy lapses that had been charged to his commission reserves account.” Shaddix sued for damages for emotional distress and mental anguish he says resulted from the defendants’ refusal to hon- or that representation. The trial judge granted the defendants’ Rule 12(b)(6), Ala. R. Civ. P, motion to dismiss. Shaddix appealed. The Court of Civil Appeals reversed. See Shaddix v. United Insurance Co. of America, 678 So.2d 1097 (Ala.Civ.App.1995). The defendants sought certiorari review.
The issue is whether Shaddix, as an at-will employee, can maintain an action against his employer for fraud. This Court has addressed this issue very clearly in the past. See Salter v. Alfa Ins. Co., 561 So.2d 1050 (Ala.1990); see also Stutts v. Sears, Roebuck & Co., 855 F.Supp. 1574 (N.D.Ala.1994). In Salter, this Court stated:
“The undisputed evidence in the present case shows that Salter suffered no injury as a result of any representation that may have been made by a representative of [the defendant Alfa Insurance Company]. Salter had an employment contract that was terminable by Alfa at any time and for any, or no, reason. Even assuming that Salter proved that Alfa, through one of its representatives, had intentionally or recklessly misrepresented to her that she did not have to participate at all in the investigation of the W.B. claim; that she had acted upon that misrepresentation; and that Alfa had based the termination of her contract on her failure to cooperate in the investigation, the fraud claim would still fail.”
561 So.2d at 1053-54.
The Court of Civil Appeals, in holding for Shaddix, relied heavily on Winn-Dixie Montgomery, Inc. v. Henderson, 353 So.2d 1380 (Ala.1977). In Winn-Dixie, this Court held that the employee could maintain a fraud action against the employer. However, the 18-year-old Winn-Dixie opinion, in sharp contrast to Salter (1990) and Stutts (1994), does not analyze or even mention the critical relationship between the employee-at-will doctrine and a fraud claim asserted by an employee. Therefore, Winn-Dixie does not help this Court in determining whether an at-will employee can maintain an action based on an alleged fraud regarding the scope of his employment.
The rule of law in Alabama is that “at-will” employees have no property interest in their employment. Without a property interest, employees cannot rely on the promises their employers make regarding the scope of the employment. If an employee cannot show reliance, then the employee cannot maintain a fraud action. Although Shaddix is seeking damages for fraud instead of wrongful termination, the alleged fraud was dependent upon the employment agreement. The alleged fraud dealt with a condition of employment, a condition the employer could change at the employer’s will.
A similar situation would arise if an employer promises a prospective employee a certain salary. If during the employment, the employer reduces the employee’s salary, the employee has no cause of action. Shad-dix’s case is analogous. If Shaddix lost a benefit he thought had been promised to him, then it is similar to a reduction in pay. Shaddix cannot challenge the employer’s reduction of his pay or other change in his conditions of employment, because his employment was an at-will employment. Therefore, Shaddix, as a matter of law, could not rely on the alleged promise, and his fraud claim must fail. The illogical result of the judgment of the Court of Civil Appeals is that an employer may be sued for modifying conditions of employment, but not for terminating employment. Therefore, the economic incentive for an employer in certain circumstances will be to terminate an employee instead of modifying the employment, lest the employer face liability for modifying the conditions of employment. That is not a beneficial result for employers or for employees.
The trial court correctly held that Shaddix had not stated a claim upon which relief could be granted. Therefore, I' must respectfully dissent from this Court’s refusal to review, and reverse, the judgment of the Court of Civil Appeals.